**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| DAVID RICE and ELIZABETH RICE, individually and as a marital community; and SETH DONAHUE, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ROY, a Washington municipality; CHRIS JOHNSON, individually; and DARWIN ARMITAGE, individually,<br><br>Defendants. | CASE NO. 3:20-cv-05223<br><br>**COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983, 42 U.S.C. § 1988 AND WASHINGTON STATE LAW**<br><br>**JURY DEMAND** |

**COMES NOW**, the above named plaintiffs, David Rice and Elizabeth Rice, individually and as a marital community, and Seth Donahue, individually, by and through their attorney, Douglas R. Cloud and for cause of action against the defendants, City of Roy, a Washington municipality, Chris Johnson, individually and as a duly commissioned police officer for the City of Roy, Washington, Darwin Armitage, individually and as a duly commissioned police officer for the City of Roy, Washington, and do hereby allege upon information and belief as follows:

**JURISDICTION AND VENUE**

**I.**

This Court has jurisdiction pursuant to 42 U.S.C. § 1983, 42 U.S.C § 1988, 28 U.S.C. § 1331 and 28 U.S.C. § 1343 to redress the violation of the plaintiffs' Constitutional Rights by the defendants named herein. This Court has ancillary jurisdiction pursuant to 28 U.S.C. § 1367.

COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983 AND 42 U.S.C. § 1988 WASHINGTON STATE LAW - JURY DEMAND - 1 OF 9

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505  Fax: 253-627-8376

Plaintiffs also bring actions under Washington State law and invoke the Doctrine of Pendent Jurisdiction.

**II.**

Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C. § 1391 because one or more of the defendants reside in this judicial district and because the events and omissions giving rise to the claims alleged herein occurred within the Western District of Washington.

**PARTIES**

**III.**

Plaintiff, David Rice (hereinafter, "Rice"), is a resident of Pierce County, Washington, and brings this lawsuit both individually and as part of his marital community. Rice is, and has been at all relevant times set forth herein, married to Elizabeth Rice.

**IV.**

Plaintiff, Elizabeth Rice (hereinafter, "Mrs. Rice"), is a resident of Pierce County, Washington, and brings this lawsuit both individually and as part of her marital community. Mrs. Rice is, and has been at all relevant times set forth herein, married to David Rice.

**V.**

Plaintiff, Seth Donahue (hereinafter, "Donahue"), is a resident of Pierce County, Washington, and brings this lawsuit individually.

**VI.**

Defendant, the City of Roy, is a local government subdivision, a municipality, within the County of Pierce and the State of Washington.

**VII.**

Defendant, Chris Johnson (hereinafter, "Officer Johnson"), was, at all times pertinent to this complaint, a duly appointed and acting police officer for the City of Roy. Officer Johnson was working under color of state law and within the course and scope of his employment and agency at

COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983 AND 42 U.S.C. § 1988 WASHINGTON STATE LAW - JURY DEMAND - 2 OF 9

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505   Fax: 253-627-8376

all relevant times described herein.

**VIII.**

Defendant, Darwin Armitage (hereinafter, "Chief Armitage"), was, at all times pertinent to this complaint, the duly appointed and acting police chief for the City of Roy. Chief Armitage was working under color of state law and within the course and scope of his employment and agency at all relevant times described herein.

**STATUTORY COMPLIANCE**

**IX.**

On or about July 26, 2019, an administrative Claim for Damages was served upon the defendant, City of Roy, Pierce County, Washington. Any prerequisite to the maintenance of this action imposed by RCW 4.96 has been met.

**STATEMENT OF FACTS**

**X.**

On February 2, 2019, Officer Johnson, in his role as a commissioned police officer for the City of Roy, set up an ambush to seize and arrest Rice and Donahue. He subsequently shot both Rice and Donahue while they were inside a moving utility vehicle (hereinafter, "UTV"), seriously injuring them both (hereinafter, "Incident").

**XI.**

The City of Roy was virtually deserted that evening as a snowstorm had occurred and no other traffic was on the road as a result of snowfall and hazardous driving conditions.

**XII.**

Rice was driving the UTV with Donahue as a passenger sitting directly on the right side of him. They were traveling southbound on railroad tracks and the sloping ground on the side of the embankment upon which the tracks were laid. The tracks run north and south through the City of Roy. Rice was driving the UTV with his left front wheel inside the westernmost rail and the other three wheels outside the westernmost rail.

COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983
AND 42 U.S.C. § 1988 WASHINGTON STATE LAW -
JURY DEMAND - 3 OF 9

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505  Fax: 253-627-8376

**XIII.**

As the UTV proceeded to leave the city center by driving on the railroad tracks and embankment, Officer Johnson was lying in wait for the UTV to approach. He was positioned adjacent to the eastside of the railroad tracks at or near 295th Street South. Officer Johnson had turned off all of his vehicle's lights, including his running lights and emergency lights, in an effort to conceal his vehicle's location as the UTV approached his position.

**XIV.**

As the UTV approached and was approximately 50 feet from Officer Johnson's blacked-out car, Officer Johnson suddenly lit up his vehicle's spotlight, blinding Rice and Donahue, and then began shooting at the UTV. The actual Incident was captured by a security camera attached to a person's home that was located near the Incident.[1] Said video of the Incident is filed concurrently and incorporated herein by this reference.[2] Officer Johnson was not injured.

**XV.**

At the time Rice and Donahue were shot by Officer Johnson, they had no idea who was shooting at them or why they had been shot. No emergency or identifying lights were operating on the patrol vehicle. The only light coming from Officer Johnson's patrol vehicle at the time of the shooting was the suddenly lit spotlight shining in their eyes. Neither Rice nor Donahue saw Officer Johnson prior to, or immediately after, being shot.

**XVI.**

At the time of the shooting, neither Rice or Donahue presented any danger to Officer Johnson. Officer Johnson was located on the eastside of the railroad tracks away from the UTV when he shot his service weapon at Rice and Donahue.

//

---

[1] Notice of Filing Physical Material With the Clerk, attached hereto and incorporated herein by this reference.
[2] *Id*.

COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983
AND 42 U.S.C. § 1988 WASHINGTON STATE LAW -
JURY DEMAND - 4 OF 9

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505   Fax: 253-627-8376

### XVII.

The shooting of Rice and Donahue by Officer Johnson was entirely unjustified and was an unreasonable and excessive use of force. Officer Johnson was acting under color of law provided by the United States of America, the State of Washington and the City of Roy.

### XVIII.

The acts of Officer Johnson violated clearly established Constitutional Rights of plaintiffs, were not objectively reasonable, and were done under circumstances in which no reasonable officer would fail to realize that his or her conduct was a violation of plaintiffs' Constitutional Rights. Officer Johnson acted without probable cause to believe the Plaintiffs Rice and Donahue posed an imminent danger of death or serious bodily injury to Officer Johnson or others.

### XIX.

The defendant, City of Roy, fully ratified Officer Johnson's actions within days of the shooting. As a result, the City of Roy is subject to its own liability for Officer Johnson's actions. The City of Roy has respondent superior liability for Officer Johnson's and Chief Armitage's actions under Washington State Law.

### XX.

Officer Johnson was so poorly trained and supervised by Chief Armitage that he apparently did not realize that he was required to have probable cause prior to making an arrest. In addition, it is alleged that Officer Johnson was so poorly trained and supervised by Chief Armitage that, without legal justification, he used deadly force upon the unarmed Plaintiffs Rice and Donahue. Officer Johnson, under the supervision of Chief Armitage and under color of state law, lay in wait, in the dark, and then shot at Rice and Donahue without warning. Chief Armitage has created policies, practices and/or customs that encouraged Officer Johnson to take the unconstitutional actions alleged herein.

### XXI.

The City of Roy Police Department and Chief Armitage failed to maintain adequate training

COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983
AND 42 U.S.C. § 1988 WASHINGTON STATE LAW -
JURY DEMAND - 5 OF 9

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505  Fax: 253-627-8376

and policies in regards to the necessity of probable cause prior to arrest. Chief Armitage failed to train Officer Johnson on the proper use of force, including the use of lethal force with a firearm when effecting an arrest.

### XXII.

Chief Armitage ratified Officer Johnson's actions. Chief Armitage failed to properly investigate Officer Johnson's actions as described herein. This behavior is a dereliction of his duties and create a working environment that encourages City of Roy Police Department's employees and other employees of the City of Roy to coverup wrongdoing by police officers by failing to adequately investigate Officer Johnson's shooting of Rice and Donahue.

### XXIII.

Chief Armitage was the policymaker as it pertains to the City of Roy's law enforcement policies, including the use of lethal force by the City of Roy's police officers. Chief Armitage ratified the illegal and unconstitutional arrest and use of force on Donahue and Rice. Chief Armitage, by doing so, has indicated that Officer Johnson followed the City of Roy's policies regarding the use of lethal force.

### XXIV.

Officer Johnson's actions in using deadly force were malicious, reckless, willful, wanton and grossly negligent conduct.

### CLAIMS

### FIRST CAUSE OF ACTION:

### FEDERAL CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983

### XXV.

The plaintiffs and each of them reallege the allegations contained in paragraphs I through XXIV herein, as though fully set forth at this point.

### XXVI.

That, as set forth herein, the defendants, City of Roy, Officer Johnson and Chief Armitage,

**COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983 AND 42 U.S.C. § 1988 WASHINGTON STATE LAW - JURY DEMAND - 6 OF 9**

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505  Fax: 253-627-8376

are liable for compensatory and punitive damages as the law allows for subjecting Rice and Donahue to a deprivation of their rights guaranteed by the Fourth Amendment and Fourteenth Amendment to the Constitution of the United States to be free from unreasonable seizures, arrest without probable cause and the unreasonable and unconstitutional use of force. Rice and Donahue were seized and were deprived of their liberty without due process of law.

### XXVII.

That, by virtue of the facts set forth herein, Officer Johnson, is liable for punitive damages for subjecting, or causing to be subjected, Rice and Donahue, citizens of the United States, to a deprivation of the rights guaranteed by the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983 to be free from unreasonable seizure of their persons and to be free from the deprivation of their lives through the unreasonable use of force. Officer Johnson did this by performing the unreasonable seizure of Rice's and Donahue's persons without probable cause. In the process of arresting Rice and Donahue, Officer Johnson used unreasonable force.

### SECOND CAUSE OF ACTION:
### NEGLIGENCE CAUSING PERSONAL INJURY UNDER STATE LAW

### XXVIII.

The plaintiffs and each of them reallege the allegations contained in paragraphs I through XXVII herein, as though fully set forth at this point.

### XXIX.

That, by virtue of the facts set forth herein, the defendants, City of Roy, Officer Johnson and Chief Armitage, committed the tort of negligence resulting in injury to the plaintiffs herein. This state law cause of action is ancillary to the federal law claims made herein.

### THIRD CAUSE OF ACTION:  FALSE ARREST UNDER STATE LAW

### XXX.

The plaintiffs and each of them reallege the allegations contained in paragraphs I through XXIX herein, as though fully set forth at this point.

COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983 AND 42 U.S.C. § 1988 WASHINGTON STATE LAW - JURY DEMAND - 7 OF 9

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505   Fax: 253-627-8376

**XXXI.**

That, by virtue of the facts as set forth herein, the defendants, City of Roy and Officer Johnson, committed the tort of false arrest resulting in injury to the plaintiffs herein. This state law cause of action is ancillary to the federal claims made herein.

**FOURTH CAUSE OF ACTION: BATTERY UNDER STATE LAW**

**XXXII.**

The plaintiffs and each of them reallege the allegations contained in paragraphs I through XXXI herein, as though fully set forth at this point.

**XXXIII.**

That, by virtue of the facts as set forth herein, the defendants, City of Roy and Officer Johnson, committed the tort of battery resulting in injury to the plaintiffs herein. This state law cause of action is ancillary to the federal claims made herein.

**XXXIV.**

**SIXTH CAUSE OF ACTION:**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

The plaintiff realleges the allegations contained in paragraphs I through XXXIII herein, as though fully set forth at this point.

**XXXV.**

That, by virtue of the facts as set forth herein, the defendants, the City of Roy and Officer Johnson, committed the tort of intentional infliction of emotional distress resulting in injury to the plaintiffs herein. This state law cause of action is ancillary to the federal claims made herein.

**XXXVI.**

**SEVENTH CAUSE OF ACTION: LOSS OF CONSORTIUM**

The plaintiff realleges the allegations contained in paragraphs I through XXXV herein, as though fully set forth at this point.

//

**COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983 AND 42 U.S.C. § 1988 WASHINGTON STATE LAW - JURY DEMAND - 8 OF 9**

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505   Fax: 253-627-8376

**XXXVII.**

That, by virtue of the facts as set forth herein, the defendants, the defendants, City of Roy, Officer Johnson and Chief Armitage, caused plaintiff, Mrs. Rice, to suffer a loss of her husband's consortium pursuant to Washington State Law and 46 U.S.C. § 1983. The state law cause of action is ancillary to the federal claims made herein.

**WHEREFORE**, plaintiffs, David Rice, Elizabeth Rice and Seth Donahue, pray for relief as follows:

**1.** For judgment representing compensatory damages against the defendants and each of them, jointly and severally, in amounts to be established at trial;

**2.** For judgment representing punitive damages against the individual defendants and each of them, jointly and severally, in amounts to be established at trial on behalf of each plaintiffs;

**3.** For plaintiffs' attorney fees and costs incurred herein pursuant to 42 U.S.C. § 1988, and disbursements herein to be taxed, and for pre-judgment interest;

**4.** For leave to amend this Complaint to conform to the evidence developed during discovery and/or presented at trial;

**5.** For leave to amend this Complaint to more fully set forth the plaintiffs' individual claims; and

**6.** For such other and further relief the Court deems just and equitable.

**DATED** this 11th day of March, 2020.

**LAW OFFICE OF DOUGLAS R. CLOUD**

/s/ Douglas R. Cloud
**DOUGLAS R. CLOUD, WSBA #13456**
Law Office of Douglas R. Cloud
1008 Yakima Avenue, Suite 202
Tacoma, WA 98405
Telephone: 253-627-1505
Fax: 253-627-8376
E-mail: drc@dcloudlaw.com
Attorney for Plaintiffs

**COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983 AND 42 U.S.C. § 1988 WASHINGTON STATE LAW - JURY DEMAND - 9 OF 9**

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505  Fax: 253-627-8376