UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID RICE and ELIZABETH RICE, individually and as a marital community, and SETH DONAHUE,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ROY, a Washington municipality, CHRIS JOHNSON, individually, and DARWIN ARMITAGE, individually,<br><br>Defendants. | CASE NO. 3:20-cv-05223 RJB<br><br><br>ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

THIS MATTER comes before the Court on the Defendants' Motion for Protective Order Quashing Five Deposition Notices and Accompanying Subpoenas. Dkt. 65. The Court has reviewed the pleadings filed regarding the motion and the remaining file.

This case arises from a police officer involved shooting just south of the Roy, Washington city limits in February of 2019. Dkt. 1. Trial in the case is set to begin on August 23, 2021. Dkt. 16.

## **FACTS**

The Plaintiffs allege that David Rice and his nephew, Seth Donahue, were driving a moving utility vehicle ("UTV") southbound on a set of railroad tracks and City of Roy Police

ORDER - 1

Officer Chris Johnson lit up his vehicle's spotlight and, without warning, began shooting at them. Dkt. 1. Plaintiffs Rice and Donahue make federal claims for violation of their Fourth Amendment rights to be free from unreasonable seizures and their Fourteenth Amendment rights to be free from arrest without probable cause and the excessive use of force. *Id.* They make state law claims for negligence, false arrest, battery, emotional distress, and Plaintiff Elizabeth Rice makes a claim for loss of consortium. *Id.* The Plaintiffs seek damages, attorneys' fees and costs. *Id.*

In the June 10, 2020 case scheduling order, the expert disclosure deadline was February 24, 2021 and the discovery deadline was April 26, 2021. Dkt. 16. By order of the Court, the expert disclosure deadline was extended to May 7, 2021 and the discovery deadline was extended to June 18, 2021. Dkts. 36 and 46.

On June 20, 2020, the Plaintiffs disclosed four possible experts: Craig Alan Luker, Matthew Noedel, Neil Low, and William Harmening. Dkt. 66-1, at 23.

On October 21, 2020, the Plaintiffs deposed Defendant City of Roy Police Chief Darwin Armitage (who has since retired), for around six and one-half hours. Dkt. 66-1. They deposed City of Roy Mayor Rawlin (Anthony) McDaniel for around three and one-half hours on December 22, 2020. *Id.* Chief Armitage was replaced on his retirement by his wife, Sonia Gomez-Armitage in January of 2021. Dkt. 66.

On May 7, 2021, the Plaintiffs disclosed Neil Low's report, who they have identified as a police practices expert. Dkt. 66-1, at 136-140. In this report, Mr. Low surmises that Mayor McDaniel may have been inside Officer Johnson's vehicle at the time, based on his reading of Mayor McDaniel's responses during his deposition. Dkt. 66-1, at 140. Mr. Low states he thinks that Mayor McDaniel was less than candid. *Id.*

On May 19, 2021, the Plaintiffs filed a motion to continue the Defendants' motion for partial summary judgment pursuant to Fed. R. Civ. P. 56(d) from May 28, 2021 to July 2, 2021. Dkt. 55. They sought the continuation to gather additional discovery, including seeking an order compelling the deposition of Lorrie McDaniel, Mayor McDaniel's wife, additional depositions of Mayor McDaniel, Chief Darwin Armitage, as well as City of Roy Attorney Lisa Elliott. *Id.*

On May 24, 2021, the Plaintiffs' motion was granted. Dkt. 58. The order noted that "[t]he issue of whether the all depositions the Plaintiffs' wish to hold will yield the information they would like, or whether these deponents will be protected by some sort of privilege, remains to be seen." Dkt. 58.

On June 11, 2021, the Plaintiffs sent five new deposition notices and subpoenas to defense counsel for Mayor McDaniel, Mrs. McDaniel, Chief Darwin Armitage, Chief Sonia Gomez-Armitage, and Ms. Elliott noting their depositions for June 18, 2021 (the discovery deadline). Dkt. 66, at 2. It is undisputed that the non-party deponents were not properly served. *Id*. On June 17, 2021, Plaintiffs served defense counsel with the notices and subpoenas after the proposed deponents gave her permission to accept service on their behalf. *Id*. No date was noted for the depositions. *Id*.

This motion for protective order was filed on June 17, 2021, seeking an order quashing these five deposition notices and subpoenas. Dkt. 65. In their response, the Plaintiffs state that they are withdrawing the deposition notices to Mrs. McDaniel and Ms. Elliot. Dkt. 75. This opinion will consider the motion for protective order only as to the remaining three: Mayor McDaniel, Chief Darwin Armitage, and Chief Sonia Gomez-Armitage.

**DISCUSSION**

Under Fed. R. Civ. P. 26(b)(1),

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Under Fed. R. Civ. P. 26(b)(2)(C),

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Pursuant to Rule 26(c)(1)(A), for good cause, the court may "issue an order to protect a party or person from . . . oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . " Further, Rule 30(a)(2)(A)(ii) requires leave of court before a second deposition may be taken.

The Defendants' motion protecting Mayor McDaniel and Chief Darwin Armitage, from having to sit for a second deposition and motion to quash their deposition notices and subpoenas (Dkt. 65) should be granted. They have shown good cause for an order protecting these parties. Rule 26(c)(1)(A). The Plaintiffs did not obtain leave of Court for those depositions. Rule 30(a)(2)(A)(ii). Moreover, they had "ample opportunity to obtain the information" sought from Mayor McDaniel and Chief Darwin Armitage at their October and December 2020 depositions. Rule 26(b)(2)(C)(ii). The Plaintiffs' concerns, roused by their expert's supposition that Mayor McDaniel was not being candid in his deposition, are not sufficient grounds to require they sit for another deposition. The Plaintiffs' lawyer was present at the depositions and heard the same

information. There is no showing that forcing them to sit for another deposition is warranted. The notices of Mayor McDaniel's and Chief Darwin Armitage's second depositions and subpoenas should be quashed.

The motion to protect the wife of Chief Darwin Armitage (Chief Sonia Gomez-Armitage) from sitting for a deposition and to motion quash her deposition notice and subpoena (Dkt. 65) should be denied. While the Defendants point out that some of her testimony may be protected by the marital communications privilege, *United States v. Griffin,* 440 F.3d 1138, 1143-44 (9th Cir. 2006) and RCW 5.60.060(1), the Plaintiffs show that they seek her deposition for other information as well. While her testimony appears to be of marginal help and some of which may be protected, the notice of her deposition and the subpoena should not be quashed.

The Defendants' Motion for Protective Order Quashing Five Deposition Notices and Accompanying Subpoenas (Dkt. 65) should be granted, in part, and denied, in part as above.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 28th day of June, 2021.

ROBERT J. BRYAN
United States District Judge