UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID RICE and ELIZABETH RICE, individually and as a marital community, and SETH DONAHUE,<br><br>                      Plaintiffs,<br>    v.<br><br>CITY OF ROY, a Washington municipality, CHRIS JOHNSON, individually, and DARWIN ARMITAGE, individually,<br><br>                      Defendants. | CASE NO. 3:20-cv-05223 RJB<br><br>ORDER ON PARTIES' DISCOVERY MOTIONS |

THIS MATTER comes before the Court on the Defendants' Motion to Compel (Dkt. 62) Defendants' Motion for Protective Order re: Officer Johnson's Pre-Employment File (Dkt. 68) and Plaintiffs' Motion to Reopen Discovery (Dkt. 70). The Court has reviewed the pleadings filed regarding the motions and the remaining file.

This case arises from a police officer involved shooting just south of the Roy, Washington city limits in February of 2019. Dkt. 1. Trial in the case is set to begin on August 23, 2021. Dkt. 16.

ORDER - 1

# FACTS

The Plaintiffs allege that David Rice and his nephew, Seth Donahue, were driving a moving utility vehicle ("UTV") southbound on a set of railroad tracks and City of Roy Police Officer Chris Johnson lit up his vehicle's spotlight and, without warning, began shooting at them. Dkt. 1. Plaintiffs Rice and Donahue make federal claims for violation of their Fourth and Fourteenth Amendment rights to be free from unreasonable seizures, arrest without probable cause, and the excessive use of force. *Id.* They make state law claims for negligence, false arrest, battery, and emotional distress. *Id.* Plaintiff Elizabeth Rice makes claims for violation of her Fourteenth Amendment rights and loss of consortium. *Id.* The Plaintiffs seek damages, attorneys' fees and costs. *Id.*

In the June 10, 2020 case scheduling order, the expert disclosure deadline was February 24, 2021 and the discovery deadline was April 26, 2021. Dkt. 16. By order of the Court, the expert disclosure deadline was extended to May 7, 2021 and the discovery deadline was extended to June 18, 2021. Dkts. 36 and 46. The parties now file three discovery motions regarding discovery issues which they contend they cannot resolve.

# DISCUSSION

Under Fed. R. Civ. P. 26(b)(1),

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Under Fed. R. Civ. P. 26(b)(2)(C),

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

ORDER - 2

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

**Defendants' Motion to Compel Plaintiffs to Participate in Psychiatric IMEs**. "The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1).

The Defendants' motion to compel the Plaintiffs to participate in psychiatric IMEs (Dkt. 62) should be granted. There is good cause for the examination and the Plaintiffs have put their mental health at issue.

Pursuant to Rule 35(a)(2)(B), this order must specify the "time, place, manner, conditions and scope" of the examination. Accordingly, at a mutually agreeable time, but no later than three weeks from the date of this order, the Plaintiffs should participate in a remote (on a platform like Zoom)(unless they can agree to an in-person examination) 90-minute psychiatric examination with the Defendants' rebuttal expert Dr. Paul Ciechanowski. As proposed by the Defendants, the examination should explore current and past behavioral health issues and symptoms, social and developmental history, medical history, current and past medications, and potentially include some psychological testing.

**Defendants' Motion for a Protective Order Regarding Officer Johnson's Pre-Employment Records**. Pursuant to Rule 26(c)(1)(A), for good cause, the court may "issue an order to protect a party or person from . . . oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . ."

On February 16, 2021, the Defendants served Plaintiffs with a privilege log related to the employment materials that are the subject of this motion. Dkt. 69-2. The sought-after pre-employment records include Officer Johnson's application, criminal history report, polygraph, and psychological examination. *Id.* On June 18, 2021 (the last day for discovery and related motions), Plaintiffs' counsel contacted Defense counsel and indicated that he wanted the pre-employment materials. Dkt. 69, at 2. (In their response, the Plaintiffs state that they also seek a copy of the post shooting psychological evaluation of Officer Johnson by Dr. Thomas Petak. Dkt. 86.) That same day, the Defendants filed the instant motion for a protective order. Dkt. 68.

The Court ordered the records be provided to it for in-camera review. Dkt. 99. Those materials were reviewed and will be filed under seal in the record.

The Defendants' motion protecting Officer Johnson's pre-employment records (Dkt. 68) should be granted, in part, and denied, in part. They have shown good cause for an order protecting Officer Johnson's criminal history report, the polygraph and psychological examination. Rule 26(c)(1)(A). The Defendants assert that the materials at issue are protected by the executive privilege. Dkt. 68. "[W]hen an executive privilege is asserted, the courts must balance the public interest in the confidentiality of governmental information against the needs of a litigant to obtain data, not otherwise available to him, with which to pursue a non-frivolous cause of action." *See Elliott v. Webb*, 98 F.R.D. 293, 296 (D. Idaho 1983). The Defendants have shown a substantial need in keeping the records confidential – to avoid having applicants be less than candid in their applications and psychological evaluation. While the Plaintiffs assert that these documents may be relevant to their claims, a review of the criminal history report, the polygraph and the psychological evaluation demonstrates that they contain no information relevant to the Plaintiffs' claims. The Defendants further point out that in all but one case cited

by Plaintiffs, the courts ordered disclosure of psychological examination reports done after a shooting because the examinee would know the results would be shared and had no expectation of privacy in them. In their reply, the Defendants state that Dr. Petak gave Chief Armitage the results of the post shooting examination by telephone and that there is no written report.

The Plaintiffs have not shown good cause for protection of Officer Johnson's application. While some of the information is identifying information, there is no showing that with some redaction, that document should not be turned over.

The Defendants' motion to protect Officer Johnson's pre-employment records (Dkt. 68) should be granted as to Officer Johnson's criminal history report, the polygraph and psychological examination, and denied as to his application. To the extent that the Defendants move to protect Dr. Petak's written report of Officer Johnson's post-shooting examination, that motion should be denied without prejudice. There is no known written report to protect.

**Plaintiffs' Motion to Reopen Discovery and Allow the Testimony of Neil Bennett and Joseph Anderson**. Pursuant to Fed. R. Civ. P. 16(b)(4) the court may modify a case scheduling order for good cause.

The Plaintiffs' Motion to Reopen Discovery and Allow the Testimony of Neil Bennett, an economic impact analyst, and a rebuttal expert, Dr. Joseph Anderson, a toxicologist (Dkt. 70) should be denied. The Plaintiffs disclosed Mr. Bennett as an expert witness on June 7, 2021 and disclosed his report on June 9, 2021, well beyond the May 7, 2021 expert witness disclosure deadline. Additionally, while the Plaintiffs timely disclosed rebuttal expert Dr. Anderson, his report was not produced until July 2, 2021, well past the discovery deadline. The Plaintiffs have failed to show good cause for these late disclosures. While the parties have agreed to do some depositions after the discovery deadline, the Defendants have shown that they are prejudiced by

the late disclosure of Mr. Bennett and by the late report of Dr. Anderson. The Plaintiffs' motion should (Dkt. 70) be denied.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 7th day of July, 2021.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge