UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID RICE and ELIZABETH RICE, individually and as a marital community; and SETH DONAHUE, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ROY, a Washington municipality; CHRIS JOHNSON, individually; and DARWIN ARMITAGE, individually,<br><br>Defendants. | CASE NO. 20-5223 RJB<br><br>ORDER ON DEFENDANTS' MOTION TO BIFURCATE AND PLAINTIFF'S MOTION FOR CLARIFICATION |

This matter comes before the Court on Defendants' Motion to Bifurcate (Dkt. 105) and Plaintiffs' motion for clarification (Dkt. 106). The Court has considered the pleadings filed regarding the motions and the file herein.

This case arises from City of Roy Police Officer Chris Johnson's shooting of Plaintiffs David Rice and Seth Donahue just south of the Roy, Washington city limits on February 9, 2019. Dkt. 1. Plaintiffs Rice and Donahue make federal claims for violation of their rights under the

ORDER ON DEFENDANTS' MOTION TO BIFURCATE AND PLAINTIFF'S MOTION FOR CLARIFICATION - 1

"Fourth Amendment and Fourteenth Amendment . . . to be free from unreasonable seizures, arrest without probable cause, and the excessive use of force." Dkt. 1. They make state law claims for negligence, false arrest, battery, and emotional distress. Plaintiff Elizabeth Rice makes claims for violation of her Fourteenth Amendment rights and loss of consortium. *Id*. The Plaintiffs seek damages, attorneys' fees and costs. *Id.*

On July 7, 2021, the Defendants' motion for partial summary judgment was granted, in part, and denied, in part. Dkt. 104. The facts and procedural history are in that July 7, 2021 Order (Dkt. 104) and are adopted here. While the July 7, 2021 Order addressed several claims, as is relevant to the pending motions, the July 7, 2021 Order dismissed the Plaintiffs' Fourth Amendment claims, brought pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978), against the City of Roy based on its alleged improper hiring and retention of Officer Johnson and its alleged failure to train and supervise Officer Johnson. Dkt. 104. The Defendants' motion for summary judgment on the Plaintiffs' Fourth Amendment claim against the City of Roy for ratification of Officer Johnson's actions was denied and the claim was not dismissed. *Id*. The Defendants did not move for summary judgment on the Plaintiffs' negligence claim against the City of Roy.

In the pending Motion to Bifurcate, the Defendants move to bifurcate Plaintiffs' *Monell* claim against the City of Roy from the rest of the trial. Dkts. 105 and 109. The Plaintiffs oppose bifurcation. Dkt. 106.

The Plaintiffs move for clarification of the July 7, 2021 Order, Plaintiffs "seek clarification from the Court as to whether evidence related to Johnson's hiring, training, supervision, and discipline can be offered to establish the City of Roy's liability for negligence, independent of respondeat superior liability." Dkt. 106. The Defendants oppose use of that

1 evidence arguing that the Court has already ruled that the Plaintiffs have failed to point to

2 evidence that supported claims related to Johnson's hiring, training, supervision, and discipline.

3 Dkt. 109.

**DISCUSSION**

A. **DEFENDANTS' MOTION TO BIFURCATE**

Federal Rule of Civil Procedure 42(b) provides, in part:

> **Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

A court's decision on bifurcation is committed to its discretion. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001). Separate trials are the exception, not the rule, and the Court will not bifurcate without good reason. "In deciding a motion for bifurcation pursuant to Federal Rule of Civil Procedure 42(b), the Court considers factors such as convenience, prejudice, judicial economy and whether the issues are clearly separable." *McCoy v. Liberty Mut. Fire Ins. Co.,* C09-5464BHS, 2009 WL 5215760, at *4 (W.D. Wash. Dec. 29, 2009)(citing SCHWARZER, TASHIMA & WAGSTAFFE, FED. CIV. PROC. BEFORE TRIAL 16:160.4 (1999); *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982)).

The Defendants' Motion to Bifurcate (Dkt. 105) should be denied. The Defendants have failed to show that bifurcation would be more convenient or that they would be unduly prejudiced if the remaining claims were tried together. Risk of prejudice or jury confusion can be cured with effective jury instructions. *See Estate of Hoxsey*, C15-2013-RSM, 2016 WL 7724740, at *2. Bifurcation would not serve judicial economy. Moreover, the City of Roy's liability on the Fourth Amendment claim is tied to Officer Johnson's liability. Separating the

ORDER ON DEFENDANTS' MOTION TO BIFURCATE AND PLAINTIFF'S MOTION FOR CLARIFICATION - 3

issues could create confusion and uncertainty.  The Defendants' Motion to Bifurcate (Dkt. 105) should be denied.

**B.  PLAINTIFFS' MOTION FOR CLARIFICATION**

The Plaintiffs' Motion for Clarification (Dkt. 106) should be granted as follows:  the Court did not rule on the negligence claims asserted against the City of Roy because that claim was not the subject of the motion for summary judgment.  The findings of the July 7, 2021 Order related to Johnson's hiring, training, and supervision were on the Fourth Amendment claim against the City of Roy.  While the Defendants assert that these negligence claims against the City of Roy should not be permitted to proceed, there is no motion to dismiss the Plaintiffs' negligence claim against the City of Roy based on Johnson's hiring, training, and/or supervision. At this point in the proceedings, the dispositive motions deadline has passed.  Admissibility of evidence will be determined at trial.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of July, 2021.

*[signature]*

ROBERT J. BRYAN
United States District Judge