The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| DAVID RICE AND ELIZABETH RICE, individually and as a marital community; and SETH DONAHUE, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF ROY, a Washington municipality; CHRIS JOHNSON, individually; and DARWIN ARMITAGE, individually, <br><br> Defendants. | CASE NO. 3:20-cv-05223-RJB <br><br> PLAINTIFFS' TRIAL BRIEF |

**COMES NOW**, the plaintiffs, David Rice and Elizabeth Rice, individually and as a marital community, and Seth Donahue, individually, by and through their attorney of record, Douglas R. Cloud, hereby submit their trial brief.

## I. INTRODUCTION

The Court is well aware of the facts of the case as presented by both parties in prior pleadings. David Rice ("Rice") and Seth Donahue ("Donahue") claim that City of Roy Police Officer Chris Johnson ("Johnson") violated the Constitution by using unreasonable force when Johnson shot them on February 9, 2019. Rice and Donahue also claim that Johnson and the City of Roy were negligent and that said negligence was the proximate cause of their injuries. Elizabeth Rice, the wife of David Rice, brings a loss of consortium claim derivative of David Rice's

PLAINTIFFS' TRIAL BRIEF - 1 OF 7
CASE NO. 3:20-cv-05223-RBJ

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505  Fax: 253-627-8376

negligence claim.

## II. ANTICIPATED ISSUES AT TRIAL

The plaintiff anticipates several issues that may occur during the trial of which the parties and the Court should be aware.

The defendants have raised two defenses, the felony bar statute (RCW 4.24.420) and the state statutory intoxication defense (RCW 4.61.420).

The plaintiff will suggest at trial that a curative instruction should be given when evidence regarding Rice and Donahue's alleged intoxication or Rice's alleged commission of a felony is introduced into evidence to instruct the jury that the consideration of the evidence by the jury should be limited to the negligence claim and that such evidence should not be admitted or considered in the Fourth Amendment unreasonable use of force claim.

The plaintiffs will primarily present their case through the testimony of the parties, Rice, Elizabeth Rice and Donahue, together with the testimony of their experts.

The plaintiffs experts that are expected to testify are:

1. Matthew Noedel - a crime scene and ballistics expert;
2. Craig Luker - an accident reconstructionist;
3. William Harmening - a police procedures expert;
4. Neil Low - a police procedures expert;
5. Shelly Lewis - a life care planner;
6. Dr. Josef Eichinger - an Orthopaedic Surgeon; and
7. Dr. Stephen Raffle - a Psychiatrist.

The plaintiff will also call to testify the following witnesses associated with the defense:

1. Former Roy Police Chief Darwin Armitage;
2. Current Roy Police Chief Sonia Gomez - Armitage;
3. Chris Johnson - Defendant;
4. Rawlin (Anthony) McDaniel - City of Roy Mayor; and

PLAINTIFFS' TRIAL BRIEF - 2 OF 7
CASE NO. 3:20-cv-05223-RBJ

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505  Fax: 253-627-8376

5. <u>Lorrie McDaniel</u> - Mayor McDaniel's wife.

The plaintiff will also call several lay witnesses.

1. <u>Jeremy Willett</u> - South Pierce Fire and Rescue Lead Paramedic;

2. <u>Evan Stone</u> - South Sound Fire and Rescue Driver/EMT;

3. <u>David Rice, Sr.</u> - Rice's father and Donahue's grandfather; and

4. <u>Sandee Rice</u> - Rice's mother and Donahue's grandmother.

Other witnesses may also be called for certain purposes, but who exactly will be called depends upon the necessity of their testimony and their availability which cannot be determined until the trial commences and the primary witnesses testify.

### III. NEGLIGENCE BY THE CITY OF ROY

The plaintiffs seek to establish that the City of Roy was negligent for its actions in hiring, training, supervising and disciplining Johnson.

Rice and Donahue were injured because of Johnson's failure to follow the City of Roy Police Department's own rules on the use of force and the use of deadly force by firing into a vehicle. Rice and Donahue were injured because Johnson should have been terminated from his job as a police officer when he was expelled from the Washington State Criminal Justice Training Center ("WSCJTC") for an alcohol-related violation of WSCJTC rules.

The City of Roy is negligent for its failure to train Johnson on the constitutional limits on the use of force and its own policies on the use of force. The City of Roy is also negligent for retaining him after his expulsion from the WSCJTC in 2017. The City of Roy is negligent for allowing Johnson to violate the City of Roy Police Department's policies without discipline.

"Claims of negligent law enforcement are not novel." *Beltran-Serrano v. City of Tacoma,* 193 Wn.2d 537, 543, 442 P.3d 608, 611 (2019). Washington courts have long recognized the potential for tort liability based on the negligent performance of law enforcement activities. *See, e.g., Washburn v. City of Federal Way,* 178 Wn.2d 732, 310 P.3d 1275 (2013) (negligent service of a protective order); *Chambers-Castanes v. King County,* 100 Wn.2d 275, 669 P.2d 451 (1983)

PLAINTIFFS' TRIAL BRIEF - 3 OF 7
CASE NO. 3:20-cv-05223-RBJ

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505   Fax: 253-627-8376

(negligent failure to respond with police assistance in a timely manner); *Mason v. Bitton,* 85 Wn.2d 321, 534 P.2d 1360 (1975) (negligent police vehicle chase); *Garnett v. City of Bellevue,* 59 Wn.App. 281, 796 P.2d 782 (1990) (negligent infliction of emotional distress for officers' harsh and offensive language in responding to a call that plaintiffs were loitering). Indeed, such liability is consistent with the broad waiver of sovereign immunity for municipalities under RCW 4.96.010.

In the present case, all the elements are met to establish the four essential elements for a negligence claim: duty, breach, proximate cause, and resulting harm. *Pedroza v. Bryant,* 101 Wn.2d 226, 228, 677 P.2d 166 (1984); *Hansen v. Friend,* 118 Wn.2d 476, 479, 824 P.2d 483 (1992); *Kennedy v. Sea-Land Serv., Inc.,* 62 Wn.App. 839, 856, 816 P.2d 75 (1991). The City of Roy was negligent in causing foreseeable harm in the course of the City of Roy's interactions with Rice and Donahue. In *Beltran-Serrano,* the Washington Supreme Court found that the "core" of plaintiff's negligence claim against the City of Tacoma "is that Officer Volk unreasonably failed to follow police practices calculated to avoid the use of deadly force." *Beltran-Serrano,* 193 Wn.2d at 544. "Under Washington common law, the City owes a duty to refrain from causing foreseeable harm in the course of law enforcement interactions with individuals." *Id.* at 552.

Thus, Defendant City of Roy, itself and through the policy-violating conduct of its City of Roy officer, Johnson, created the dangerous circumstances in which the plaintiffs were confronted with the unlawful use of deadly force. The City of Roy is liable for its own negligent acts in hiring, training, supervising and disciplining Johnson and the negligent acts of its law enforcement officers by operation of the doctrine of respondeat superior, or vicarious liability.

Respondeat superior, imposes liability on an employer for the torts of an employee who is acting on the employer's behalf within the scope of employment. *Niece v. Elmview Group Home*, 131 Wn.2d 39, 48, 929 P.2d 420. Respondeat superior is analytically distinct and separate from a cause of action for negligent hiring, retention, and supervision. *Id.* at 48. Defendant City of Roy was responsible for the actions of its agents and employees under the theory of respondeat superior. The doctrine of respondeat superior "imposes liability on an employer for the torts of an employee who

PLAINTIFFS' TRIAL BRIEF - 4 OF 7
CASE NO. 3:20-cv-05223-RBJ

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505   Fax: 253-627-8376

is acting on the employer's behalf" *Niece v. Elmview Group Home*, 131 Wn.2d 39, 48, 929 P.2d 420 (1997). Defendant City of Roy, through its employees, including the named individual defendant Johnson, and the officers owed a duty to use reasonable care with regard to its attempts to take Rice and Donahue into police custody. Defendant City of Roy, through its employees, including the named individual defendant Johnson, violated that duty through the following activities, including but not limited to, engaging and continuing in a police pursuit against policy, failing to activate his lights and siren prior to shooting Rice and Donahue to warn them of Johnson's presence and desire to stop them and by firing a weapon into a moving vehicle when the vehicle and its occupants, Rice and Donahue, did not pose an imminent threat of death of serious bodily injury to any person.

## IV.  DAMAGES

Plaintiffs intend to seek damages relating to Rice and Donahue's injuries, subsequent and anticipated medical treatment, their pain and suffering and their economic losses. Plaintiffs also seek damages for Elizabeth Rice's loss of consortium with her husband, David Rice. Plaintiffs also intend to seek punitive damages against Defendant Johnson for his willful and malicious shooting of Rice and Donahue.

Section 1983 was "intended to 'create a species of tort liability' in favor of persons deprived of federally secured rights." *Smith v. Wade*, 461 U.S. 30, 34, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983) (quoting *Carey v. Piphus*, 435 U.S. 247, 253, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978)). Further, the common law of torts governs the recoverable damages for liability under § 1983. *Id.* Accordingly, when the Supreme Court determined the requisite mental state and conduct for a punitive damages award under § 1983, the Court looked to applicable tort law concepts. See *Id.* at 38, 103 S.Ct. 1625. In *Smith v. Wade*, the Court considered whether punitive damages could be awarded only for intentionally malicious conduct or whether the district court properly instructed the jury that it could award punitive damages "if the conduct of one or more of the defendants is shown to be a reckless or callous disregard of, or indifference to, the rights or safety of others." *Id*. at 33, 103 S.Ct. 1625. Focusing on the standards for punitive damages at the time of the enactment of § 1983, the Court

PLAINTIFFS' TRIAL BRIEF - 5 OF 7
CASE NO. 3:20-cv-05223-RBJ

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505  Fax: 253-627-8376

concluded that federal and state courts agreed that punitive damage awards "did not require a showing of actual malicious intent; they permitted punitive awards on variously stated standards of negligence, recklessness, or other culpable conduct short of actual malicious intent." *Id.* at 45, 103 S.Ct. 1625 (emphasis added). "[W]e have frequently operated under the assumption that [a punitive damage] instruction is proper [in federal civil rights cases for oppressive conduct.]" *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005).

The facts presented in this case warrant the inclusion of a punitive damages jury instruction as a jury could find that Johnson's actions constituted gross negligence, willful or wanton misconduct, or a reckless disregard for the civil rights of the plaintiffs; his improper and unlawful use of deadly force to stop suspects who were neither assaultive nor life-threatening under City of Roy Police Department's policies and the universally accepted continuum of force model; and firing four shots at a vehicle that was passing him and was not an imminent threat of serious bodily harm or death to either Johnson or anyone else. These facts easily meet the threshold level sufficient to instruct the jury on the issue of punitive damages.

## V. CONCLUSION

The Court should give curative instructions when necessary to avoid prejudicing plaintiffs' Fourth Amendment unreasonable use of force claim and the plaintiffs' negligence claim.

The Court should give an instruction on punitive damages regarding Chris Johnson's outrageous actions.

**RESPECTFULLY SUBMITTED** this 13th day of August, 2021.

**LAW OFFICE OF DOUGLAS R. CLOUD**

/s/ Douglas R. Cloud
**DOUGLAS R. CLOUD, WSBA #13456**
Law Office of Douglas R. Cloud
1008 Yakima Avenue, Suite 202
Tacoma, WA 98405
Telephone: 253-627-1505
Fax: 253-627-8376
E-mail: drc@dcloudlaw.com
Attorney for Plaintiffs

PLAINTIFFS' TRIAL BRIEF - 6 OF 7
CASE NO. 3:20-cv-05223-RBJ

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505   Fax: 253-627-8376

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

1. I am over the age of 21 and not a party to this action.
2. I am an employee of Douglas R. Cloud, Attorney at Law, Attorney for Plaintiffs.
3. On this day, I certify that I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| **Counsel for Defendants:**<br><br>Ann E. Trivett, Esq., WSBA #39228<br>Salim D. Lewis, Esq., WSBA #52660<br>Thomas P. Miller, Esq., WSBA #34473<br>**CHRISTIE LAW GROUP, PLLC**<br>2100 Westlake Ave N, Ste 206<br>Seattle, WA 98109<br>P: 206-957-9669<br>F: 206-352-7875<br>Email: ann@christielawgroup.com;<br>salim@christielawgroup.com; tom@christielawgroup.com | ☐ Messenger<br>☐ US Mail<br>☐ Facsimile<br>☐ Email<br>■ CM/ECF |
|---|---|

I certify under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

**DATED** at Tacoma, Washington this 13th day of August, 2021.

/s/ Carrie L. Marsh
**CARRIE L. MARSH**
Law Office of Douglas R. Cloud
1008 Yakima Avenue, Suite 202
Tacoma, WA 98405
Telephone: 253-627-1505
Fax: 253-627-8376
E-mail: cmarsh@dcloudlaw.com

PLAINTIFFS' TRIAL BRIEF - 7 OF 7
CASE NO. 3:20-cv-05223-RBJ

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505   Fax: 253-627-8376