UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID RICE and ELIZABETH RICE, individually and as a marital community, and SETH DONAHUE,<br><br>Plaintiffs,<br>v.<br><br>CITY OF ROY, a Washington municipality, and CHRIS JOHNSON, individually,<br><br>Defendants. | CASE NO. 3:20-cv-05223 RJB<br><br>RULINGS ON DR. JOSEF K. EICHINGER'S DEPOSITION |

Rulings are on the attached deposition designation sheets, with "S" standing for sustained and "O" standing for overruled.

Dated this 14th day of September, 2021.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

## Deposition Designation for Dr. Josef K. Eichinger

| Offering Party's Designation | Cross-Designation/ Objection(s) | Response to Objection(s) | COURT RULING |
|---|---|---|---|
| 6:8-9:22 | | | |
| 11:2-14 | | | |
| 10:15-19 | | | |
| 27:21-25 | | | |
| 14:8-15:21 | | | |
| 18:1-16 | | | |
| 16:12-17:10 | | | |
| 19:25-10:15 | | | |
| 21:17-22:13 | | | |
| 22:14-17 | ~~Object to Form.~~ ~~26(a)(2)(b)~~ | | |
| 22:21-24 | | | |
| 23:2-5 | ~~26(a)(2)(b)~~ | | |
| 23:9-15 | | | |
| 23:17-27:20 | | | |
| 28:12-28:24 | | | |
| 31:23-32:16 | | | |
| 32:21-33:25 | | | |
| 34:9-37:17 | | | |
| 37:24-38:11 | | | |
| 38:12-16 | ~~26(a)(2)(b)~~ | | |
| 38:19-23 | | | |
| 39:4-40:19 | | | |
| 41:6-45:16 | | | |
| 46:5-48:20 | | | |
| 48:21-22 | ~~26(a)(2)(b)~~ | | |
| 49:1-6 | | | |
| 49:8-10 | ~~26(a)(2)(b)~~ | | |
| 49:15-19 | | | |

## Deposition Designation for Dr. Josef K. Eichinger

| | | | |
|---|---|---|---|
| 49:21-23 | ~~26(a)(2)(b)~~ | | |
| 50:1-2 | | | |
| 50:3-11 | ~~Nonresponsive and 26(a)(2)(b)~~ | | |
| 50:16-21 | | | |
| 50:22-23 | 50:24-25 Rule 26(a)(2)(Bb) – beyond scope of report ; relevance | This is a description of the procedure done on Plaintiff's arm which is identified on p.5 of the Expert's report, entries dated February 13 & 14. | O |
| 51:1-8 | | | |
| 51:10-13 | 51:9 ; 51:15-18, 19 - Relevance and Rule 26(a)(2)(Bb) beyond scope of report | Thisis a general description of arthritis which is mentioned throughout Dr. Eichenger's report. | O |
| 51:17-18 | Strike | | |
| 51:20-21 | Relevance and Rule 26(a)(2)(Bb) – beyond scope of report | This is a general description of arthritis and how it impacts the human body and caused pain. | O |
| 51:24-25 | | | |
| 52:2-14 | | | |
| 53:2-9 | | | |
| 53:20-54:14 | | | |
| 54:15-17 | 54:18-19, 22, 25 Relevance and Rule 26(a)(2)(B) – beyond | This is a description of an anatomical | O |

## Deposition Designation for Dr. Josef K. Eichinger

| | scope of report26(a)(2)(b) | feature, the femoral artery, and its location. Relevant to the gunshot injury. | |
|---|---|---|---|
| 54:20-21 | | | |
| 54:23-24 | | | |
| 56:8-11 | 54:18-19, 22, 25 Relevance and Rule 26(a)(2)(B) – beyond scope of reportRelevance and 26(a)(2)(b) | This is a description of the anatomy of the femoral artery, its proximity to the bullet wound, and the risks associated with a bullet injury in this part of the body. | O |
| 56:16-19 | | | |
| 58:4-59:16 | | | |
| 60:9-12 | | | |
| 64:6-9 | 64:10-13 Form, Relevance (possibility) and Rule 26(a)(2)(Bb) – beyond scope of report | The witness is identifying what degree of possibility he opined existed for the need for a shoulder replacement as more likely than nit that he will need a shoulder surgery. | O |
| 64:14-21 | Relevance (possibility) and Rule 26(a)(2)(B) – beyond scope of report | The witness is identifying what degree of possibility he opined existed for | O |

## Deposition Designation for Dr. Josef K. Eichinger

| | | | |
|---|---|---|---|
| | | the need for a shoulder replacement as more likely than not that he will need a shoulder surgery. Possibility is anything short of certainty. More probable than not is a level of possibility. | |
| 64:24-65:3 | 65:4 – Form – leading – Rule 26(a)(2)(B) – beyond scope of report and goes beyond opinion in discussion of report, which only discusses "possibility" | Defendant did not object to as to leading, beyond the scope of Rule 26(a)(2)(b) and merely objected as to form. Defendant, knowing this was a preservation of testimony for trial should not now be allowed to make new objections as Plaintiff has no ability to rephrase the question to overcome them. Plaintiff asked the deponent what he meant when his reported stated on p. 15, "The clinical judgments and conclusions stated herein are more probably | ○ |

## Deposition Designation for Dr. Josef K. Eichinger

| | | | |
|---|---|---|---|
| | | than not based upon reasonable medical probability." Thisis clarification of the standard which was applied by the expert. | |
| 65:5-8 | 65:9-10 - Rule 26(a)(2)(B) – beyond scope of report and goes beyond opinion in discussion of report, which only discusses "possibility" | The witness is identifying the degree to which it as possible that Plaintiff would require a shoulder surgery. | O |
| 65:11-15 | 65:16-17- Form, Leading and Rule 26(a)(2)(B) – beyond scope of report and goes beyond opinion in discussion of report, which only discusses "possibility"~~26(a)(2)(b)~~ | Defendant is now making new objections, not made during the trial preservation deposition. | O |
| 65:18 | | | |
| 65:19-21 | 65:22-23 - Form, Relevance and Rule 26(a)(2)(B) – beyond scope of report and goes beyond opinion in discussion of report, which only discusses "possibility"~~26(a)(2)(b)~~ | Defendant is now making new objections, not made during the trial preservation deposition. This testimony is a description of the shoulder surgery which the doctor opines is more likely than not necessary. | O |
| 65:24-66:10 | 66:11 - strike | This is not an | O |

# Deposition Designation for Dr. Josef K. Eichinger

| | | | | |
|---|---|---|---|---|
| | | | objection. Merely stating "strike" provides no basis for the court to rule opon an objection not made. Plaintiff had no opportunity to rephrase the question or overcome the objection. | |
| 66:12-67:21 | | | | ◯ |
| 67:22-68:1 | 68:2-3 - ~~Form and~~ Rule 26(a)(2)(B) – beyond scope of report and misstates opinion in discussion of report, which only discusses "possibility" ~~26(a)(2)(b)~~ | In his report, at page 11, under Diagnostic Impression, the doctor identifies deltoid atrophy and in his deposition he is discussing his evaluation of the deltoid and how the atrophy demonsrates siginifican, lasting injury. | | ◯ |
| 68:4-20 | 68:21-69:1 – move to strike – Relevance ("could have"); Rule 26(a)(2)(B) – beyond scope of report | Id. | | ◯ |
| 69:4-5 | 69:6-10 Asked and Answer ~~and 26(a)(2)(b)~~ed; Rule 26(a)(2)(B) – beyond scope of report and misstates opinion in | On p~~p~~.10, paragraph 1, the doctor states that Plaintiff had "perceptible atrophy of the | | ◯ |

## Deposition Designation for Dr. Josef K. Eichinger

| | | | |
|---|---|---|---|
| | discussion of report – no discussion of atrophy | right deltoid in comparison to the left" This testinmony is a description of what atrophy is. ~~The Doctor noted in his reprort that the plaintiff had suffered atrophy of his musculature.~~ | |
| 69:11-24 | Strike | Id. | ◯ |
| 69:25-70:4 | 70:5-6 - Form and Rule 26(a)(2)(B) – beyond scope of report ~~26(a)(2)(b)~~ | On p.10, paragraph 1, the doctor states that Plaintiff had "perceptible atrophy of the right deltoid in comparison to the left" This question was directed at the doctor's assessment of the cause of the atrophy which he identifies in his report being the gunshot wound. | ◯ |
| 70:7-12 | | | ◯ |
| 70:25-71:10 | | | ◯ |
| 71:11-15 | ~~26(a)(2)(b)~~ | | ◯ |
| 71:18-19 | | | ◯ |
| 71:21-24 | ~~26(a)(2)(b)~~ 71:25-72:1 - Rule 26(a)(2)(B) – beyond scope of report | This is a question asking the doctor whether the pain | ◯ |

## Deposition Designation for Dr. Josef K. Eichinger

|  |  |  | he identified in the Plaintiff is likely to continue. On p.14, pgh 10, the doctor opined as to David Rice's likelihood of continuing pain. It is therefore covered in his report. |  |
|---|---|---|---|---|
| 72:4-8 |  | Strike | Id. | O |
| 72:15-18 |  | 72:19-20 - Rule 26(a)(2)(B) – beyond scope of report 26(a)(2)(b) | Id. This opinion is in his report. | O |
| 72:21-23 |  | Strike | Id. | O |
| 72:25-73:1 |  | Rule 26(a)(2)(B) – beyond scope of report – the report only discusses "possibility" of arthroplasty 26(a)(2)(b) | The Report states on p. 15 "This report was prepared by me and is true and correct to the best of my knowledge. The clinical judgements and conclusions stated herein are more probably than not based upon reasonable medical probability." Shoulder arthroplasty is discussed throughout his report. | O |
| 73:4 |  | Strike | Id. | O |

## Deposition Designation for Dr. Josef K. Eichinger

| | | | |
|---|---|---|---|
| 73:6 | Asked and Answered; - Rule 26(a)(2)(B) – beyond scope of report – the report only discusses "possibility" of arthroplasty~~and 26(a)(2)(b)~~ | Plaintiff asked the doctor to simply state what "shoulder arthroplasty" was. It is a definition of a term used throughout the doctor's report. | O |
| 73:10-11 | Strike | Id. | O |
| 73:24-74:10 | | | O |
| 74:18-25 | | | O |
| 75:8-10 | ~~Relevance and 26(a)(2)(b)~~ | | O |
| 75:13-15 | | | O |
| 76:4-5 | ~~26(a)(2)(b)~~ | | O |
| 76:8-9 | | | O |
| 77:19-78:11 | | | O |
| 78:24-79:3 | Asked and Answered | This question was not previously asked and answered. Defendant provides no cite to a previously asked question. | O |
| 79:6-9 | | | O |
| 80:9-80:15 | | | O |
| 81:12-14 | 81:15-16 - Relevance and Rule 26(a)(2)(B) – beyond scope of report ~~26(a)(2)(b)~~ | Defendant objected only to relevance and not Rule 26(a)(2)(b). Plaintriff asks the doctor if he has experience with Post Traumatic Stress Disorder. | O |

## Deposition Designation for Dr. Josef K. Eichinger

| | | | |
|---|---|---|---|
| | | In his report, on p. 13, Discussion, pgh . 1, that plaintiff has "Symptoms of post-traumatic stress disorder as a result of the subject incident." | |
| 81:17-20 | Strike | Id. | ⭕ |
| 81:22-82:4 | 82:5-6 – Lack of ~~s~~ Foundation | Id. | ⭕ |
| 82:7-10 | | | ❌ |
| 82:11-14 | ~~Form and~~ 82:15-16- Lack ~~of~~s Foundation | Id. | ⭕ |
| 82:17-22 | | | ❌ |
| 82:23-83:5 | | | |
| 83:7-24 | | | |
| 84:16-85:22 | | | |
| 86:2-88:19 | | | |
| 89:11-91:13 | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## Volume 2

| Offering Party's Designation | Cross-Designation/ Objection(s) | Response to Objection(s) | COURT RULING |
|---|---|---|---|
| | | | |

## Deposition Designation for Dr. Josef K. Eichinger

| | | | |
|---|---|---|---|
| 104:12-105:13 | ~~Form~~No objection was raied by Plaintiff | Proper Cross-Exam of Expert | O |
| 109:23-111:19 | | | |
| (Only if Court Allows Testimony on Need for Future Arthroplasty) 113:21-114:14 | Form; Document not in evidence | Proper Cross-Exam of Expert | O |
| (Only if Court Allows Testimony on Need for Future Arthroplasty) 114:20-~~115:14~~ — 116:8 | Form | | O |
| (Only if Court Allows Testimony on Need for Future Arthroplasty) 116:9-117:25 | Form; Document speaks for iteself | Proper Cross-Exam of Expert | O |
| (Only if Court Allows Testimony on Need for Future Arthroplasty) 118:6-9 | | | O |
| (Only if Court Allows Testimony on Need for Future Arthroplasty) 119:23-121:10 | Form; Hearsay, there is no indication that this material was relied upon by the expert, it comes solely form a summary of documentation prepared by others and was not a | Fed. R. Evid. 803(4); evidence relied upon by expert | O |

## Deposition Designation for Dr. Josef K. Eichinger

| | | | |
|---|---|---|---|
| | factor in the Expert's opinions. | | |
| 121:14-20 | Form; Hearsay, there is no indication that this material was relied upon by the expert, it comes solely form a summary of documentation prepared by others and was not a factor in the Expert's opinions. Form; Hearsay~~Form; Hearsay~~ | Fed. R. Evid. 803(4); evidence relied upon by expert | O |
| 121:23-122:11 | Form; Hearsay~~Form; Hearsay~~, there is no indication that this material was relied upon by the expert, it comes solely form a summary of documentation prepared by others and was not a factor in the Expert's opinions. Form; Hearsay | Fed. R. Evid. 803(4); evidence relied upon by expert | S |
| 122:14-124:7 | Form; improper use of document. Form; Hearsay, there is no indication that this material was relied upon by the | Proper cross-exam of expert | O except after 124:2- l19 is S. |

## Deposition Designation for Dr. Josef K. Eichinger

| | | | |
|---|---|---|---|
| | expert, it comes solely form a summary of documentation prepared by others and was not a factor in the Expert's opinions. Form; Hearsay | | |
| 124:16-18 | | | S |
| 124:21-125:12 | Overbroad, incomplete, imporper hypothetical, speculation | Proper cross-exam of expert | O |
| 125:16-126:6 | | | |
| **(Only if Court Allows Testimony on Need for Future Arthroplasty)** 126:7-130:11 | Form | Proper cross-exam of expert | O |
| **(Only if Court Allows Testimony on Need for Future Arthroplasty)** 130:16-132:10 | Form, foundation, improper use of document, hearsay, document not in exhibits | Fed. R. Evid. 803(4); evidence relied upon by expert | O |
| **(Only if Court Allows Testimony on Need for Future Arthroplasty)** 132:15-16 | | | O |
| 132:17-133:17 | Form. This is an attempt to have the expert read into the record hearsay from the Fire Department | Evidence relied upon by expert | S |

## Deposition Designation for Dr. Josef K. Eichinger

| | | | |
|---|---|---|---|
| | which is irrelevant to the Doctor's Opinons. It is hearsay and subject to exclusion under FRE 402 & 403. | | |
| 133:20-134:4 | Form, improper use of document. Form. This is an attempt to have the expert read into the record hearsay from the Fire Department which is irrelevant to the Doctor's Opinons. It is hearsay and subject to exclusion under FRE 402 & 403. | Evidence relied upon by expert | 5 |
| 134:7-135:9 | Form, improper use, hearsay. Form. This is an attempt to have the expert read into the record hearsay from the Fire Department which is irrelevant to the Doctor's Opinons. It is hearsay and subject to exclusion under FRE 402 & 403. | Fed. R. Evid. 803(4); evidence relied upon by expert | 5 134:7-10 otherwise, 0 |
| 135:12-21 | ~~Form, improper use, hearsay~~ | Fed. R. Evid. 803(4); evidence relied upon by | 0 |

**Deposition Designation for Dr. Josef K. Eichinger**

| | | | |
|---|---|---|---|
| | | expert | |
| 135:23-136:21 | ~~Form~~ | Evidence relied on by expert | |
| 137:1-16 | ~~Form; foundation, assumes facts~~ | Proper cross-exam of expert; evidence relied upon by expert | |
| 137:19-22 | ~~Form; speculation, foundation, improper question~~ | Proper cross-exam of expert; evidence relied upon by expert | |
| 138:1-8 | ~~Foundation~~ | Evidence relied upon by expert | |
| 138:10-142:13 | ~~Form, foundation, hearsay, improper use of documents not identified~~ | Fed. R. Evid. 803(4); evidence relied upon by expert; proper cross-exam of expert | |
| 142:22-143:20 | ~~Form, foundation, assumes facts, improper use of documents not in evidence~~ | Evidence relied upon by expert; proper cross-exam of expert | |
| 143:24-144:12 | | | |
| | | | |
| | | | |

**Deposition Designation for Dr. Josef K. Eichinger**