THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

DAVID RICE and ELIZABETH RICE, individually and as a marital community; and SETH DONAHUE, individually,

Plaintiffs,

v.

CITY OF ROY, a Washington municipality; and CHRIS JOHNSON, individually,

Defendants.

NO. 3:20-cv-05223-RJB

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO AMEND PURSUANT TO FED. R. CIV. P. 15(b)(1)

Defendants City of Roy, and Officer Chris Johnson respectfully request that this Court deny Plaintiffs' Motion to Amend Pursuant to Fed. R. Civ. P. 15(b)(1). This untimely motion, filed after the plaintiffs had completed their case-in-chief at trial and after defendants moved to dismiss plaintiffs' *Monell* claim under Fed. R. Civ. P. 50(a), is improper and prejudicial to defendants. Further, plaintiffs have not complied with LCR 15 by attaching a proposed amended complaint that indicates the proposed changes. That alone is a basis for denial.

Plaintiffs deposed Mayor McDaniel over a year ago, on December 22, 2020. They deposed former Chief Darwin Armitage on October 21, 2020. They also had the full benefit of a year-long discovery period to learn who the chief policymaker is for purposes of officer discipline. They failed

to do so.  The City and Officer Johnson should not now be the ones to suffer prejudice for plaintiffs' errors and failures.  At this point, if plaintiffs are allowed to add a new party and new claim in the middle of trial, after they have rested their case, defendants will be severely prejudiced.  They will have lost the opportunity to move to dismiss the claim at summary judgment, which they certainly would have done.

Plaintiffs' dilatory conduct should not be rewarded.  It is telling that they only brought the motion to amend after defendants pointed out in their Rule 50(a) motion at the close of plaintiffs' case that the *Monell* claim is legally and factually deficient.  The Mayor has already testified at trial.  Plaintiffs do not identify any witnesses or new evidence, nor have they shown they could not have learned of the basis for their *Monell* claim much sooner.  Plaintiffs should not be permitted to add a new claim *after* they have rested their case.

Plaintiffs' motion to amend is untimely and its granting would be severely prejudicial to defendants, resulting in a miscarriage of justice.  The time to bring this motion was during the discovery period. Plaintiffs' counsel has dropped the ball in that regard.  The Court should not reward plaintiffs' less than diligent litigation tactics.  The Court should deny plaintiffs' motion and the parties should continue this trial on the remaining claims pled in the Complaint.

RESPECTFULLY SUBMITTED this 15th day of September, 2021.

CHRISTIE LAW GROUP, PLLC

By _____/s/ Ann E. Trivett_____
ANN E. TRIVETT, WSBA #39228
Attorney for Defendants
2100 Westlake Avenue North, Suite 206
Seattle, WA  98109
Telephone:  (206) 957-9669
Email: ann@christielawgroup.com