The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DAVID RICE and ELIZABETH RICE, individually and as a marital community; and SETH DONAHUE, individually,

    Plaintiffs,

vs.

CITY OF ROY, a Washington municipality; CHRIS JOHNSON, individually; and DARWIN ARMITAGE, individually

    Defendants.

NO. 3:20-cv-05223-RJB

PLAINTIFFS' PETITION FOR ATTORNEYS' FEES, COSTS AND EXPENSES

Noted on Motion Calendar: November 5, 2021

*Oral Argument Requested*

## I. RELIEF REQUESTED

Plaintiffs David Rice and Seth Donahue, ("Plaintiffs"), by and through their attorneys of record move pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(2), and LCR 7(d)(3) for an order awarding attorneys' fees and nontaxable expenses as the prevailing party on the judgment entered on September 27, 2021. Dkt. 186.

## II. INTRODUCTION

Plaintiffs David Rice and Seth Donahue hereby petition the Court for an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. section 1988 and Federal Rule of Civil

PLAINTIFFS' PETITION FOR ATTORNEYS' FEES, COSTS AND EXPENSES - 1
CASE NO. 3:20-cv-05223-RJB

DOLAN LAW FIRM, PC
1438 MARKET STREET
SAN FRANCISCO, CA 95102
415-421-2800

Procedure 54(d). This Motion is based on the grounds that the Plaintiffs were the prevailing party at trial on their civil rights claims and are entitled to attorney fees and costs as a matter of law.

Plaintiffs request that the Court award attorneys' fees in the amount of $446,480.00. The fee calculation is based on Plaintiffs' lodestar attorney fee ($223,240.00) with a request for an enhancement of a 2.0 multiplier pursuant to *Perdue v Kenny A.*, 559 U.S. 542, 553-54 (2010) and *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016).

As explained below, the factors for the requested enhancement in attorneys' fees are met and a 2.0 multiplier is reasonable and justified. Thus, the sum requested is based on the hours worked at the reasonable rate and reasonable hours worked. Plaintiffs will also request that the Court award attorneys' fees for the work performed in connection with the instant motion for attorneys' fees and other post trial work, including after these papers are filed, as will be set forth in the reply papers. Plaintiffs also requests that the Court award out of pocket expenses in the amount of $3,860.50.

This Motion will be further based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declarations of Christopher B. Dolan, Douglas Cloud, Jeremy M. Jessup, the attached Exhibits, upon the pleadings on file herein, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

### III. STATEMENT OF FACTS

On March 20, 2020, Plaintiffs David Rice and Seth Donahue, through counsel Douglas Cloud, filed the instant action against Defendants in US District Court Western District of Washington, Case No. 3:20-cv-05223-RJB, setting forth several federal claims for relief based upon violations of 42 U.S.C. section 1983.

In securing this verdict, the Plaintiffs enforced not only their own rights, but also the fundamental public policies that were violated by the Defendants' conduct: as the United States has recognized, the value of civil rights cases enforcing important constitutional rights cannot be measured in monetary terms alone. See, e.g., *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989).

**PLAINTIFFS' PETITION FOR ATTORNEYS' FEES, COSTS AND EXPENSES - 2**
CASE NO. 3:20-cv-05223-RJB

**DOLAN LAW FIRM, PC**
1438 MARKET STREET
SAN FRANCISCO, CA 95102
415-421-2800

Fundamental rights like those enforced here are worthless, however, unless skilled and committed attorneys are willing to enforce them by representing victims through years of contested litigation, usually with no hope of compensation for their time or the personal funds they have expended unless the case is successful.  Fortunately, here, Plaintiffs were able to obtain representation from Douglas Cloud, Esq., a sole practitioner, but highly regarded. In addition, the Plaintiffs retained the Christopher B. Dolan, Esq. of the Dolan Law Firm, a skilled, and effective California law firm with extensive experience trying complex civil cases and handling police misconduct matters.

Neither Mr. Cloud's, nor Mr. Dolan's, agreement to represent the Plaintiffs was an easy call.  Having spent more than 30 years working on police misconduct cases, Plaintiffs' counsels were fully aware that police misconduct and similar civil rights cases are among the most difficult and challenging cases for victims and their counsel to successfully prosecute.  This case was no exception: The Plaintiffs were challenging the credibility of an officer, *with no independent witnesses, aside from a fuzzy video*; a video of Mr. Rice's driving showed some apparent driving infractions, and both candidly admitted to some level of drinking; which made the case problematic, as seen by the jury's verdict on negligence.  All of these factors greatly increased the difficulty and riskiness of committing counsels' resources to Plaintiffs' case.

As expected, Defendants vigorously contested Plaintiffs' case on virtually every issue, culminating in a thirteen-day trial.  The case ultimately went to trial on August 23, 2021, with attorneys Christopher B. Dolan and Jeremy M. Jessup as trial counsel.  The jury returned a unanimous verdict in favor of Plaintiffs.  The jury found that Defendant Officer Johnson used excessive force against Plaintiffs and that the Defendant City of Roy ratified the conduct. In addition, the jury found that Defendant's actions for the underlying incident on February 9, 2019, caused Plaintiffs damages.  Dkt. No. 186.

Litigating police misconduct cases requires experience and an understanding of issues that are unique to civil rights victims as compared to general civil practice. Even experienced

**PLAINTIFFS' PETITION FOR ATTORNEYS' FEES, COSTS AND EXPENSES - 3**
CASE NO. 3:20-cv-05223-RJB

**DOLAN LAW FIRM, PC**
1438 MARKET STREET
SAN FRANCISCO, CA 95102
415-421-2800

civil rights attorneys have difficulty overcoming the built-in bias favoring the police on the part of many jurors. Given that lawsuits to vindicate constitutional rights are in the public interest, Congress passed 42 U.S.C. Section 1988 to encourage attorneys to undertake such otherwise difficult and unprofitable cases. This statute allows recovery of reasonable attorneys' fees to attorneys who prevail in Section 1983 cases.

The favorable trial result in this case on Plaintiffs' civil rights claims was the product of a tremendous amount of hard work on the part of Plaintiffs' counsels in preparing and presenting this case at trial. Because Plaintiffs prevailed on their civil rights claims, they are entitled to an award of reasonable attorney fees pursuant to Federal Rule of Civil Procedure 54(d) and 42 U.S.C. § 1988. Itemizations of the requested attorneys' fees have been filed concurrently herewith.

The reasonableness of Plaintiffs' fee request is supported by the Declarations of Christopher B. Dolan, Douglas Cloud, Jeremy M. Jessup, the 2021 Laffey Matrix, the 2018 Real Rate Report, and attached exhibits.

### IV.   LEGAL AUTHORITY AND ARGUMENT

**A.   Plaintiffs Are Entitled To Reasonable Attorneys' Fees Under 42 U.S.C. § 1988**.

A plaintiff is considered a prevailing party under § 1988 if he succeeds on any significant issue in the litigation that achieves some of the benefit sought in bringing suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To qualify as a prevailing party, a plaintiff must prove that there has been a material alteration of the legal relationship that directly benefits the plaintiff. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001). An enforceable judgment on the merits creates the requisite material alteration in the legal relationship between the parties. *Id*. at 604-05; *Hewitt v. Helms*, 482 U.S. 755, 760 (1987); *Citizens for Better Forestry v. U.S. Dep't of Agr.*, 567 F.3d 1128 (9th Cir. 2009).

Here, Plaintiffs prevailed on all federal claims presented to the jury and was awarded significant monetary damages. The jury awarded a combine $3,257,000.00 to Plaintiffs in

PLAINTIFFS' PETITION FOR ATTORNEYS'
FEES, COSTS AND EXPENSES - 4
CASE NO. 3:20-cv-05223-RJB

DOLAN LAW FIRM, PC
1438 MARKET STREET
SAN FRANCISCO, CA 95102
415-421-2800

compensatory damages. The Court has been requested to enter an enforceable judgment against Defendants and in favor of Plaintiffs. Plaintiffs are clearly the prevailing party in this litigation.

### B.     Legal Standard in Determining A Fee Award

"A party who prevails on a claim under § 1983 is entitled to reasonable attorneys' fees unless special circumstances would render such an award unjust." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014), citing 42 U.S.C. § 1988(b); *Hensley*, 461 U.S. at 429. A plaintiff prevailing on his or her Section 1983 claim "'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005) (quoting *Hensley*, 461 U.S. at 429); see also *Barnard v. Theobald*, 721 F.3d 1069, 1077 (9th Cir.2013) ("a court's discretion to deny fees under § 1988 is very narrow and ... fee awards should be the rule rather than the exception.").

As repeatedly held by the Supreme Court, the purpose of § 1988 is "to ensure that federal rights are adequately enforced." See *Perdue v. Kenny A*. ex rel. Winn, 559 U.S. 542, 550 (2010); *Hensley*, 461 U.S. at 429 (providing the purpose of 42 U.S.C. § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances). In light of such public policy, courts have consistently held that attorneys in civil rights suits are entitled to recover their full fees and costs if they achieve meaningful and substantial relief, even if they do not prevail on every theory or against every party. *Bouman v. Block*, 940 F.2d 1211, 1237 (9th Cir. 1991); *Hensley*, 461 U.S. at 435 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters."). If the rule is otherwise, attorneys would be discouraged from taking on high risk cases such as this one. *Hensley*, 461 U.S. at 435; see also *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1499 (9th Cir. 1995); *Serrano v. Unruh*, 32 Cal.3d 621 (1982). A fully compensatory fee is one that encourages the vindication of constitutional and statutory rights through recovery of all costs and time spent on the case, calculated at private market rates. See *City of Riverside v. Rivera*, 477 U.S. 561, 581 (1986).

PLAINTIFFS' PETITION FOR ATTORNEYS' FEES, COSTS AND EXPENSES - 5
CASE NO. 3:20-cv-05223-RJB

DOLAN LAW FIRM, PC
1438 MARKET STREET
SAN FRANCISCO, CA 95102
415-421-2800

In determining the size of an appropriate fee award, the Supreme Court has emphasized that courts need not "achieve auditing perfection" or "become green- eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("We emphasize, as we have before, that the determination of fees 'should not result in a second major litigation.'"). Rather, because the "essential goal of shifting fees ... is to do rough justice," the court may "use estimates" or "take into account [its] overall sense of a suit" to determine a reasonable attorney's fee. *Id*.

As Plaintiffs' verdict of $3,257,000.00 is a direct benefit to Plaintiffs and an enforceable judgment has materially altered the relationship between the Parties here. As a result, Plaintiffs are entitled to an award of attorney's fees under 42 U.S.C. § 1988.

### C.    The Fee Award is Determined By A "Lodestar Computation."

To determine an attorney's fee award, the Court begins by calculating the "lodestar" amount. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Pham v. Seattle City Light*, 159 Wn.2d 527, 538, 151 P.3d 976 (2007) (citing *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597, 675 P.2d 193 (1983)). The lodestar figure is the product of the number of attorney hours reasonably expended in the litigation multiplied by the attorney's reasonable rate of hourly compensation. *Moreno*, 534 F.3d at 1111; *Pham*, 159 Wn.2d at 538.

As explained by the Ninth Circuit in *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016):

> The lodestar method is a two-step process. First, a court calculates the lodestar figure by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. A reason able hourly rate is ordinarily the 'prevailing market rate [] in the relevant community.' The lodestar figure 'roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case,' and is therefore a presumptively reasonable fee. Second, the court determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure.

PLAINTIFFS' PETITION FOR ATTORNEYS'
FEES, COSTS AND EXPENSES - 6
CASE NO. 3:20-cv-05223-RJB

DOLAN LAW FIRM, PC
1438 MARKET STREET
SAN FRANCISCO, CA 95102
415-421-2800

*Kelly*, 822 F.3d at 1099 (citations omitted).

"The Supreme Court has stated that the lodestar is the 'guiding light' of its fee-shifting jurisprudence, a standard that is the fundamental starting point in determining a reasonable attorney's fee." *Van Skike v. Director, Office of Workers' Compensation Programs*, 557 F.3d 1041, 1048 (9th Cir. 2009); *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) ("In the Ninth Circuit, the customary method of determining the permissible amount of attorneys' fees under § 1988 is the 'lodestar' method"); see also *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (the Ninth Circuit employs the "lodestar" method to determine a reasonable attorney's fees award under § 1988).

The Court should consider the following factors when making a lodestar determination:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case,(11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Morales v. City of San Rafael*, 96 F.3d 359, 364 n.8 (9th Cir. 1996), amended by 108 F.3d 981 (9th Cir. 1997) (order).

Here, the legal relationship between Plaintiffs and their counsel is based upon a contingency fee, and Plaintiffs share the award of attorney's fees based upon this contingency. Cloud Decl. ¶ 20. And, with Plaintiffs' pre-shooting activities, the difficulty and undesirability of the case requires an award to reflect these factors.

There is a strong presumption that the lodestar constitutes the reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993).

PLAINTIFFS' PETITION FOR ATTORNEYS' FEES, COSTS AND EXPENSES - 7
CASE NO. 3:20-cv-05223-RJB

DOLAN LAW FIRM, PC
1438 MARKET STREET
SAN FRANCISCO, CA 95102
415-421-2800

**1. The number of hours claimed is reasonable.**

Under the lodestar method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). As noted by the Ninth Circuit in *Moreno*, as a general rule, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno*, 534 F.3d at 1112; see also *E-Pass Techs., Inc. v. 3Com Corp.*, Civ. No. 00-2255 DLJ, 2007 WL 4170514, at *6 (N.D. Cal. Nov. 14, 2007) ("[T]he court will not second-guess reasonable attorney conduct of a litigation strategy for the case."). Such deference is particularly appropriate in plaintiff's attorneys in civil rights cases where attorneys often work on a contingency basis and thus have little incentive to expend unnecessary hours. See, e.g., *Moreno*, 534 F.3d at 1112.

As the Ninth Circuit has also observed:

> Lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to the result and the amount of the fee. It would therefore be the highly atypical civil rights case where plaintiff's lawyer engages in churning. By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.

*Nadarajah*, 569 F.3d at 922 (quoting *Moreno*, 534 F.3d at 1112). See also *Deocampo*, 2014 WL 788429, at *2; *Blackwell v. Foley*, 724 F.Supp.2d 1068, 1080 (N.D. Cal. 2010) ("[I]f anything, an attorney working on contingency is less likely to expend unnecessary hours because the payoff is too uncertain.")

In determining an appropriate fee award, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting Hensley, 461 U.S. at 434); *Pham*, 159 Wn.2d at 538. Since Mr.

PLAINTIFFS' PETITION FOR ATTORNEYS'
FEES, COSTS AND EXPENSES - 8
CASE NO. 3:20-cv-05223-RJB

DOLAN LAW FIRM, PC
1438 MARKET STREET
SAN FRANCISCO, CA 95102
415-421-2800

Cloud was the only attorney working the file up through the beginning of trial, redundancy is not a concern.

For trial, Plaintiffs' counsel took a series of steps to exclude hours for work that was excessive, redundant, or otherwise unnecessary. From the outset of trial, Mr. Dolan coordinated the work of attorneys and staff to avoid redundancy and duplication of effort. Dolan Decl. ¶ 19. Mr. Dolan, Mr. Cloud and Mr. Jessup established clear divisions of labor and divided responsibility for conducting examinations, preparing motions and trial preparation. See *id*. ¶ 19. In preparing this fee petition, Mr. Dolan reviewed all of the time records submitted by attorneys and paralegals who have worked on this matter and has written off time that was redundant, inefficient, or non-billable. *Id*. ¶ 22. For example, intra-firm meetings with Mr. Cloud reflect billing for no more than two attorneys no matter how many actually participated and conferences with opposing counsel reflect billing for only two attorneys no matter how many actually participated. ¶ 22. In addition, no time has been charged for clerical work or unreasonable effort when the amount of time spent on a particular task appeared unwarranted. ¶ 22. Next, time has been written off for work that was completed for which no fees are allowed (i.e. the loss of consortium claim for Mrs. Rice). ¶ 22.

"[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988." *Hensley*, 461 U.S. at 440; see also *Brand v. Dep't of Labor and Indus.*, 139 Wn.2d 659, 672, 989 P.2d 1111 (1999). To determine fees where, as here, the plaintiff achieved substantial success, "[a] court must consider (1) whether 'the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded,' and (2) whether 'the plaintiff achiev[ed] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" *Watson v. County of Riverside,* 300 F.3d 1092, 1096 (9th Cir. 2002) (quoting *Hensley*, 461 U.S. at 434). The first step requires the district court to determine whether the successful and unsuccessful claims were unrelated. *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) (citing *Webb v. Sloan*, 330 F.3d

PLAINTIFFS' PETITION FOR ATTORNEYS'
FEES, COSTS AND EXPENSES - 9
CASE NO. 3:20-cv-05223-RJB

DOLAN LAW FIRM, PC
1438 MARKET STREET
SAN FRANCISCO, CA 95102
415-421-2800

1158, 1168 (9th Cir. 2003). "Claims are unrelated if the successful and unsuccessful claims are 'distinctly different' both legally and factually." Id. (quoting *Webb*, 330 F.3d at 1169) (internal edits omitted). "[C]laims are related, however, if they 'involve a common core of facts or are based on related legal theories.'" Id. (quoting *Webb*, 330 F.3d at 1168). "At bottom, 'the focus is on whether the unsuccessful and successful claims arose out of the same 'course of conduct.'" Id. (quoting *Webb*, 330 F.3d at 1169); see *Martinez v. City of Tacoma*, 81 Wn. App. 228, 243, 914 P.2d 86 (1996).

If the unsuccessful and successful claims are related, then the court must evaluate "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Dang*, 422 F.3d at 813. "'Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.'" Id. (quoting *Hensley*, 461 U.S. at 435). A plaintiff need not receive all of the relief requested in order to show excellent results warranting a fully compensatory fee. *Dang*, 422 F.3d at 813 (citing *Hensley*, 461 U.S. at 435 n.11). The only claims that the Plaintiffs did not prevail on were the Washington State claims for negligence. The factual development of the negligence claims-both in discovery and in trial-overlapped almost completely with the development of their federal claims.

Plaintiffs' total basic lodestar fees, determined by multiplying the number of hours expended by the hourly rate of each attorney and assistant are as follows:

| Attorney | Rate | Hours | Total |
| --- | --- | --- | --- |
| Christopher Dolan | $650.00 | 323.60 | $210,340.00 |
| Douglas Cloud | $650.00 | 918.90 | $597,290.00 |
| Jeremy Jessup | $550.00 | 252.10 | $138,655.00 |
| Carrie Marsh | $200.00 | 705.23 | $141,046.00 |
| Traci Warner | $150.00 | 38.75 | $ 5,812.50 |
| Legal Assistants: Olga Chepurin and Alycia Finch | $125.00 | 644.85 | $ 80,606.25 |

PLAINTIFFS' PETITION FOR ATTORNEYS'
FEES, COSTS AND EXPENSES - 10
CASE NO. 3:20-cv-05223-RJB

DOLAN LAW FIRM, PC
1438 MARKET STREET
SAN FRANCISCO, CA 95102
415-421-2800

The extensive work undertaken by Plaintiffs' counsel in the litigation of this case is listed in the time records attached to the declarations of counsel. All times listed in the time records were reasonably spent in securing a successful outcome in this case. The action was litigated efficiently and expeditiously, without needless expenditure of time or unnecessary work as evidenced by the efficiency of the trial.

Police misconduct lawsuits advance the significant public benefit of deterring abuse by law enforcement officers who would otherwise operate free of any meaningful restraints. The decline of police beatings - "flashlight therapy" and other forms of naked brutality – in Washington over the last thirty years has been directly attributed to the emergency of the plaintiffs' police misconduct bar. The instant case exemplifies that, but for competent willing counsel, police misconduct would have gone without consequences in this instance.

### 2. The relevant legal community governs reasonable rates.

In determining an attorney's reasonable hourly rate, "the court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Trevino v. Gates*, 99 F.3d 911, 925 (9th Cir. 1996) (internal quotations omitted). "[T]he proper reference point in determining an appropriate fee award is the rates charged by private attorneys in the same legal market as prevailing counsel . . . ." Id. (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

Reasonable fees must be calculated based on the prevailing market rates charged by "attorneys in the relevant community engaged in 'equally complex Federal litigation.'" *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (quoting Blum, 465 U.S. at 895 n.11); see also *Van Skike*, 557 F.3d at 1046 ("The Supreme Court has consistently held that reasonable fees 'are to be calculated according to the prevailing market rates in the relevant community.'").

"[A]ffidavits of the [applicant's] attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases ... are satisfactory evidence of the

PLAINTIFFS' PETITION FOR ATTORNEYS'
FEES, COSTS AND EXPENSES - 11
CASE NO. 3:20-cv-05223-RJB

DOLAN LAW FIRM, PC
1438 MARKET STREET
SAN FRANCISCO, CA 95102
415-421-2800

prevailing market rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008); see also *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir.2007) ("[B]illing rates should be established by reference to the fees that private attorneys have the ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity.")

The relevant community includes "attorneys practicing in the forum district"- that is, the Western District of Washington. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). Further, "the Court must base its determination on the current market rate." *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1107 (9th Cir. 2015), citing *Camacho*, 523 F.3d at 981 ("[A] district court abuses its discretion to the extent it relies on cases decided years before the attorneys actually rendered their services."); *Bell v. Clackamas Cnty.*, 341 F.3d 858, 861 (9th Cir. 2003) ("We hold ... that it was an abuse of discretion in this case to apply market rates in effect more than two years before the work was performed.")

Plaintiffs offer support for their reasonable fee from published data on hourly rates suggested by the 2021 Laffey Matrix adjusted by locality pay differentials and the Real Rate Report by Wolters Kluwer's ELM Solutions. Exhibits 3-4; Jessup Decl. ¶ 7-8; see *Viveros v. Donahoe*, No. CV 10-08593 MMM EX, 2013 WL 1224848, at *5 (C.D. Cal. Mar. 27, 2013) citing *Martin v. FedEx Ground Package Sys., Inc.*, No. C 06–6883 VRW, 2008 WL 5478576, *6 (N.D.Cal. Dec. 31, 2008) (the court electing to calculate the lodestar figure using published data on hourly rates, by referring to figures reported in the Laffey Matrix and ALM study.)

The 2020 Real Rate Report study indicates that averaging across general civil litigation law firms in Seattle area, partners charge average hourly rates $646 (third quartile), while associates charge average hourly rates $547.00 (third quartile). Exhibit 4; Jessup Decl. ¶ 8.

Real Rate reports have been described by numerous courts as a preferable and accurate reflection of the true prevailing market rate in the community. See *Stetson v. W. Publ'g Corp.*, 2016 WL 5867434, at *3 (C.D. Cal. Aug. 11, 2016) ("the Real Rate Report is a persuasive

PLAINTIFFS' PETITION FOR ATTORNEYS'
FEES, COSTS AND EXPENSES - 12
CASE NO. 3:20-cv-05223-RJB

DOLAN LAW FIRM, PC
1438 MARKET STREET
SAN FRANCISCO, CA 95102
415-421-2800

source of information for determining reasonable hourly rate, as it is a reflection of true market rates"); *Downey Surgical Clinic, Inc. v. Optuminsight, Inc.*, 2016 WL 5938722, at *11 (C.D. Cal. May 16, 2016) ("Courts have found that the Real Rate Report is a much better reflection of true market rates than self-reported rates in all practice areas.")

Plaintiffs have also relied on the 2021 Laffey Matrix to support their attorneys' reasonable rate. The Laffey Matrix reports that a reasonable rate for an attorney with over 20 years of experience is $919 an hour. Exhibit 3; Jessup Decl. ¶ 7. Adjusted by locality pay differentials (see Martin, 2008 WL 5478576 at *7), the data suggests that a reasonable hourly rate for plaintiff's attorneys with their commensurate levels of skill, experience, and reputation are as follows: attorney with over 20 years of experience is over $900 an hour.

Additionally, the requested rates for Plaintiffs' counsel echo those awarded in similar complex actions in this district, which has approved hourly rates of $650.00, for attorneys with just as much as experience as Mr. Dolan and Mr. Cloud.  See *Welch et. al. v. Air & Liquid Systems Corp., Case C21-904 MJP* and *Deane v. Pacific Financial Group, Inc.*, Case C19-722 MJP. Exhibits 5; Jessup Decl. ¶ 9.

With respect to Mr. Dolan's and Mr. Cloud's request of $650.00 per hour, their declarations and the supporting declarations attest to their accomplishments as complex civil litigation attorneys.  Having tried numerous cases to verdict, and many more that settled during trial or on the steps of the Courthouse, Mr. Dolan and Mr. Cloud have the skills and expertise that reflects their request for $650 per hour.

Basic professional and biographical information about each individual is included in the declarations in support of this motion. When compared to other law firms operating within the Western District, it becomes clear that Plaintiffs requested hourly rates are reasonable and squarely in-line with the prevailing rates in the relevant legal community

Simply, Mr. Dolan's and Mr. Cloud's requested fee of $650 per hour is reasonable and reflected by the *Morales* factors.  As for the work performed by Managing Sr. Trial Attorney,

PLAINTIFFS' PETITION FOR ATTORNEYS' FEES, COSTS AND EXPENSES - 13
CASE NO. 3:20-cv-05223-RJB

DOLAN LAW FIRM, PC
1438 MARKET STREET
SAN FRANCISCO, CA 95102
415-421-2800

Jeremy Jessup, $550.00 per hour is more than reasonable. Mr. Jessup had been a partner at previous firms, is in his 21st year of practice and has tried numerous cases to verdict. Jessup Decl. ¶¶ 3-4. With respect to Mr. Cloud's paralegals, Carrie Marsh, $200 per hour is more than reasonable. Cloud Decl. ¶ 14. Finally, the rates for the rest of Mr. Cloud's staff-$150.00 for Traci Warner and $125.00 for his assistants are also reasonable. Cloud Decl. ¶¶ 15-21.

### C. Plaintiffs Are Entitled To Fees For Litigating the Present Fee Motion And For Any Post-Trial Motions

In addition to the attorney's fees derived from legal work performed in preparing and litigating a case, Plaintiffs are entitled to attorney fees for their time spent establishing their right to attorneys' fees in the amount requested. See *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986) ("We, like every other court that has considered the question, have held that the time spent in establishing entitlement to an amount of fees awardable under section 1988 is compensable."); see also *Hernandez v. Kalinowski*, 146 F.3d 196, 199 (3rd Cir. 1998); *Glass v. Pfeffer*, 849 F.2d 1261, 1266 (10th Cir. 1988); *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986); *Lund v. Affleck*, 587 F.2d 75, 77 (1st Cir. 1978) ("It would be inconsistent with the purpose of the Fees Act to dilute a fees award by refusing to compensate the attorney for the time reasonably spent in establishing and negotiating his rightfully claim to the fee."). The same is true under Washington law. *Steele v. Lundgren*, 96 Wn. App. 773, 781, 982 P.2d 619 (1999). As with fees for the underlying litigation, the amount of a fee award for a fee petition is calculated using the lodestar method. *Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). As the prevailing party in a civil rights case, Plaintiffs may also recover reasonable attorneys' fees incurred litigating a variety of post-judgment motions. *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 340-41 (1st Cir. 2008).

///

///

///

PLAINTIFFS' PETITION FOR ATTORNEYS'
FEES, COSTS AND EXPENSES - 14
CASE NO. 3:20-cv-05223-RJB

DOLAN LAW FIRM, PC
1438 MARKET STREET
SAN FRANCISCO, CA 95102
415-421-2800

As of October 12, 2021, the total time spent on this fee petition by Plaintiffs' attorneys are:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Christopher Dolan | $650.00 | 17.7 | $11,505.00 |
| Jeremy Jessup | $550.00 | 58.6 | $32,230.00 |

Approximately 76.30 hours. Jessup Decl. ¶¶ 28-30. At counsels requested hourly rates, this amounts to a lodestar of $43,735.00. *Id*. Plaintiff will supplement their fee petition with their Reply to include all hours spent litigating the petition and any post-judgment motions.

### D. Reasonable Out-Of-Pocket Litigation Costs Are Recoverable Under 42 U.S.C. § 1988.

It is well established that attorneys' fees under 42 U.S.C. § 1988 include reasonable out-of-pocket litigation expenses that would normally be charged to a fee-paying client, even if the court cannot tax these expenses as "costs" under 28 U.S.C. § 1920. *Trustees of Const. Industry & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253 (9th Cir. 2006). Reasonable out-of-pocket litigation expenses include the costs of postage, copying, meals, messenger service, and defense experts' fees at depositions. *Harris v. Marhoefer*, 24 F.3d 16, 19-20 (9th Cir. 1994). They also include such expenses as fees paid to private investigators, *Deocampo v. Potts*, Civ. No. 2:06-1283 WBS CMK, 2014 WL 788429, at *13 (E.D. Cal. Feb 25, 2014), and jury and trial consultants, *Carter v. Chicago Police Officers*, No. 95 C 3402,1996 WL 446756, at *4 (N.D. Ill. Aug. 1, 1996).

Various expenses that courts have routinely granted under § 1988. See *Harris*, 24 F.3d at 19-20 (affirming an award of expenses under § 1998 that included expenses for "service of summons and complaint, service of trial subpoenas, fee for defense expert at deposition, postage, investigator, copying costs, hotel bills, meals, messenger service and employment record

PLAINTIFFS' PETITION FOR ATTORNEYS'
FEES, COSTS AND EXPENSES - 15
CASE NO. 3:20-cv-05223-RJB

DOLAN LAW FIRM, PC
1438 MARKET STREET
SAN FRANCISCO, CA 95102
415-421-2800

reproduction"); *Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985) ("[C]osts for telephone calls, postage, air courier and attorney travel . . . are ordinarily billed to a client [and] are routine under all other fee statutes."); *POM Wonderful LLC v. Ocean Spray Cranberries, Inc.*, No. Civ. 09-565 DDP RZX, 2012 WL 4936470, at *1 (C.D. Cal. Oct. 17, 2012) (allowing prevailing defendant to recover costs incurred for trial presentation expenses); *Miller v. Schmitz*, No. Civ. 1:12-00137 LJO SAB, 2014 WL 642729, at *5 (E.D. Cal. Feb. 18, 2014) (awarding costs for court costs, service fees, deposition transcript expenses, copy expenses, [] witness fees, . . . costs for an investigator, [and] hotel expenses incurred in connection with a deposition"); *Mitchell Eng'g v. City & County of San Francisco*, No. Civ. 08-04022 SI, 2011 WL 1431511, at *8 (N.D. Cal. Apr. 14, 2011) (awarding transcript costs); cf. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("We see no reason why [] hours [expended on a moot court trial run] cannot be included in a fee award as long as the number of hours spent was reasonable."). Courts have even allowed out of town attorneys to recover the costs of hotels. *Orr v. California Highway Patrol*, Civ. No. 2:14-585 WBS EFB, 2015 WL 9305021, at *15 (E.D. Cal. Dec 22, 2015)

Plaintiffs seek an award of $261,314.17 in out-of-pocket litigation expenses. These expenses are detailed in the Jessup and Cloud Declarations and include fees for service of deposition subpoenas; service of record subpoenas; non-taxable costs for deposing witnesses; deposition witness fees and mileage; copies of medical records; trial tech fees; jury/trial consultant fees; costs of obtaining records; fees to depose Defendants' expert witnesses; messenger fees; postage; faxes; hotel fees and photocopy charges. Exhibit 6; Jessup Decl. ¶11 and Exhibit 2; Cloud Decl. ¶23. Plaintiffs are not seeking reimbursement for the considerable additional sums paid to and for the travel expenses of their expert witnesses, as those are not compensable under current law.

PLAINTIFFS' PETITION FOR ATTORNEYS'
FEES, COSTS AND EXPENSES - 16
CASE NO. 3:20-cv-05223-RJB

DOLAN LAW FIRM, PC
1438 MARKET STREET
SAN FRANCISCO, CA 95102
415-421-2800

Because these are reasonable expenses that the firms would normally charge to a fee-paying client and are costs, and can be passed on to the clients, the court should include these expenses in Plaintiffs' attorney's fee award. *Harris*, 24 F.3d at 19-20.

### VI.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court award attorneys' fees in the amount of $1,217,289.75, as well as fees for work performed in the litigation of this motion after these papers are filed, as will be stated in the reply papers.  Plaintiffs' counsel will also seek additional fees with respect to work on any post-trial motions.  Plaintiff further requests that the Court award expenses in the amount of $261,314.17.

**DATED** this 12th day of October 2021.

DOLAN LAW FIRM, PC

/s/ Jeremy M. Jessup
**JEREMY M. JESSUP, WSBA #57504**
Dolan Law Firm, PC
1438 Market Street
San Francisco, CA 95102
Telephone: 415-421-2800
Fax: 415-421-2830
E-mail: Jeremy.jessup@dolanlawfirm.com
Attorney for Plaintiffs

**PLAINTIFFS' PETITION FOR ATTORNEYS'
FEES, COSTS AND EXPENSES - 17**
CASE NO. 3:20-cv-05223-RJB

**DOLAN LAW FIRM, PC**
1438 MARKET STREET
SAN FRANCISCO, CA 95102
415-421-2800

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

1. I am over the age of 21 and not a party to this action.
2. I am an employee of Dolan Law Firm, PC, Attorney for Plaintiffs.
3. On this day, I certify that I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| **Counsel for Defendants:**<br><br>Ann E. Trivett, Esq., WSBA #39228<br>Salim D. Lewis, Esq., WSBA #52660<br>Thomas P. Miller, Esq., WSBA #34473<br>**CHRISTIE LAW GROUP, PLLC**<br>2100 Westlake Ave N, Ste 206<br>Seattle, WA 98109<br>P: 206-957-9669<br>F: 206-352-7875<br>Email: ann@christielawgroup.com;<br>salim@christielawgroup.com; tom@christielawgroup.com | ☐ Messenger<br>☐ US Mail<br>☐ Facsimile<br>☐ Email<br>■ CM/ECF |
|---|---|

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**DATED** at San Francisco, California this 12th day of October, 2021.

      /s/ Maryleen Razo
  **MARYLEEN RAZO**
Dolan Law Firm, PC
1438 Market Street
San Francisco, CA 95102
Telephone: 415-421-2800
Fax: 415-421-2830
E-mail: Maryleen.Razo@dolanlawfirm.com

**PLAINTIFFS' PETITION FOR ATTORNEYS' FEES, COSTS AND EXPENSES - 18**
CASE NO. 3:20-cv-05223-RJB

**DOLAN LAW FIRM, PC**
1438 MARKET STREET
SAN FRANCISCO, CA 95102
415-421-2800