The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| DAVID RICE AND ELIZABETH RICE, individually and as a marital community; and SETH DONAHUE, individually, | CASE NO.  3:20-cv-05223-RJB |
| Plaintiffs, | PLAINTIFFS' MOTION FOR COSTS PURSUANT TO LCR 54(d)(3) |
| vs. | **[CLERK'S ACTION REQUIRED]** |
| CITY OF ROY, a Washington municipality; CHRIS JOHNSON, individually; and DARWIN ARMITAGE, individually, | NOTE ON MOTION CALENDAR: November 5, 2021 |
| Defendants. | |

## I. <u>RELIEF REQUESTED</u>

**COMES NOW**, the plaintiffs, David Rice and Seth Donahue, individually, by and through their attorney of record, Douglas R. Cloud, and do hereby move the court for an Order Granting Plaintiffs' Motion for Costs as plaintiffs are the prevailing party on the judgment entered on September 27, 2021 [Dkt. 186] pursuant to Local Civil Rule 54(d)(3).

## II.  <u>FACTS</u>

Plaintiffs filed this action on March 20, 2020, in the Western District of Washington.  On August 23, 2021, trial commenced.  On September 27, 2021, a judgment was entered in favor of the plaintiffs against the Defendants, City of Roy and Chris Johnson.

Plaintiffs prevailed and are entitled to an award of taxable costs pursuant to Local Civil Rule 54(d)(3), and 28 U.S.C. §§ 1821 and 1920.

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

1  The plaintiffs' taxable costs total $19,201.69, as described more fully below.

2  ### III.  STATEMENT OF ISSUES

3  Should the Court grant Plaintiffs' Motion for Costs? [Yes]

4  ### IV.  EVIDENCE RELIED UPON

5  **1.**  The records and files herein; and

6  **2.**  Declaration of Douglas R. Cloud in Support of Plaintiffs' Motion for Costs.

7  ### V.  ARGUMENT

8  **A.**  **Standard for Recovery of Costs.**

9  Rule 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the

10  prevailing party."  The rule "creates a presumption in favor of awarding costs to the prevailing party

11  which may only be overcome by pointing to some impropriety on the part of the prevailing party that

12  would justify a denial of costs."  *Russian River Watershed Protection Committee v. City of Santa*

13  *Rosa*, 142 F.3d 1136, 1144 (9th Cir. 1998); *Save Our Valley v. Sound Transit*, 335 P.3d 932, 944-45

14  (9th Cir. 2003).

15  Local Civil Rule 54(d)(3) and 28 U.S.C. § 1920 set forth the type of costs that are taxable.

16  LCR 54(d)(3) provides that, in taxing costs, the following rules shall be observed:

17  **A.**  The attendance, travel, and subsistence fees of witnesses, for actual and proper

18  attendance, shall be allowed in accordance with 28 U.S.C. § 1821, whether such attendance was procured by subpoena or was voluntary;

19  **B.**  Reasonable premiums paid on undertakings or bonds or security stipulations shall be

20  allowed where the same have been furnished by reason of express requirement of law, rule, or court order;

21  **C.**  Expenditures incident to the litigation which were ordered by the court as essential

22  to a proper consideration fo the case shall be allowed; [and]

23  **D.**  All other costs shall be taxed in accordance with 28 U.S.C. §§ 1920, 1921, 1923,

1927, and 2412.

24  *Id.*  28 U.S.C. § 1920, in turn, provides that, "A judge or clerk of any court of the United

25  States may tax as costs the following: (1) Fees of the clerk and marshal; (2) fees for printed or

26  electronically recorded transcripts necessarily obtained for use in the case; (3) fees and

PLAINTIFFS' MOTION FOR COSTS PURSUANT
TO LCR 54(d)(3) - 2 OF 8
CASE NO. 3:20-cv-05223-RBJ

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

1  disbursements for printing and witnesses; (4) fees for exemplification and the cots of making copies

2  of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under

3  28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters,

4  and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this

5  title. 28 U.S.C. § 1920.  The plaintiffs, as the prevailing party, are entitled to recover all of the costs

6  it incurred that fall within these categories.

7  **B.**    **The Plaintiffs Are Entitled to Recover Their Taxable Costs.**

8       **1.**    **The Plaintiffs Should Be Awarded its Filing Fee Cost.**

9              28 U.S.C. § 1920(1) provides that a clerk of the clerk of any court of the United States

10  may tax as costs the fees of the clerk.  Pursuant to 28 U.S.C. § 1920(1), plaintiffs are requesting

11  $400.00 in filing fees for the original new civil case filing of this case. [Cloud Decl., 1:24-2:1, Ex.

12  1.]

13       **2.**    **The Plaintiffs Should Be Awarded Their Deposition Costs.**

14       Section 1920 expressly authorizes the prevailing party to recover the expense of transcripts

15  necessarily obtained for use in the case.  This includes the costs of deposition transcripts, copies and

16  attendant costs charged by the court reporters, such as appearance fees, exhibits and delivery costs,

17  i.e., *Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998); *Alflex Corp. V. Underwriters*

18  *Labs, Inc.,* 914 F.2d 175, 177 (9th Cir. 1990); *Lahrichi v. Lumera Corp*., No. 04-2124, 2007 U.S. Dist

19  LEXIS 37208, *22 (W.D. Wash. May 22, 2007) (Coughenour, J.).

20       The depositions need not actually be used at trial for their cost to be reasonable.  The moving

21  party need only establish that, at the time the depositions occurred, it was reasonable to believe that

22  the depositions would be used in pretrial motions, at trial or in preparing for trial.  *Id.; Bichindaritz*

23  *v. Univ. of Wash.,* No. C10-1371, 2012 U.S. Dist. LEXIS 105233, *4 (W.D. Wash. July 27, 2012

24  (Lasnik, J.) ("At the time the depositions were taken or the transcripts obtained, it was reasonable

25  to believe the transcripts would be used in the case.") Depositions of witnesses identified by the

26  parties as potential trial witnesses are generally considered reasonably necessary. *Zotos v. Lindbergh*

PLAINTIFFS' MOTION FOR COSTS PURSUANT
TO LCR 54(d)(3) - 3 OF 8
CASE NO. 3:20-cv-05223-RBJ

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

1  *Sch. Dist.,* 121 F.3d 356 (8th Cir. 1997).

2  The court reporters and the videographers invoices total $18,243.41. [Cloud Decl., 2:16-19

3  and Ex. 2.] A breakdown of these costs is as follows:

| Deponent | Charge | Vendor | Whether Deponent Was Identified as a Potential Trial Witness |
|---|---|---|---|
| David Rice | $549.50 | Byers & Anderson, Inc. | Yes |
| Seth Donahue | $637.00 | Byers & Anderson, Inc. | Yes |
| Chris Johnson | $924.00 | Byers & Anderson, Inc. | Yes |
| Darwin Armitage | $1,706.00 | Byers & Anderson, Inc. | Yes |
| Chris Johnson | $650.00 | South Sound Video Production | Yes |
| Darwin Armitage | $1,040.00 | South Sound Video Production | Yes |
| Anthony McDaniel | $860.00 | Byers & Anderson, Inc. - Transcript | Yes |
| Anthony McDaniel | $188.65 | Byers & Anderson, Inc. - Synchronized Video | Yes |
| Elizabeth Rice | $219.52 | Byers & Anderson, Inc. | Yes |
| Kyle D. Sumpter | $795.00 | Byers & Anderson, Inc. - Transcript | Yes |
| Kyle D. Sumpter | $525.00 | Byers & Anderson, Inc. - Virtual Videographer | Yes |
| Sonia Gomez-Armitage | $574.00 | Byers & Anderson, Inc. - Transcript | Yes |
| Sonia Gomez-Armitage | $350.00 | Byers & Anderson, Inc. - Virtual Videographer | Yes |
| Stephen Raffle, MD | $354.00 | Byers & Anderson, Inc. | Yes |
| Richard J. Tewes | $492.94 | Byers & Anderson, Inc. - Transcript | Yes |
| Richard J. Tewes | $350.00 | Byers & Anderson, Inc. - Virtual Videographer | Yes |
| Neil E.J. Low | $385.50 | Byers & Anderson, Inc. | Yes |

PLAINTIFFS' MOTION FOR COSTS PURSUANT
TO LCR 54(d)(3) - 4 OF 8
CASE NO. 3:20-cv-05223-RBJ

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505   Fax: 253-627-8376

| Tillman Atkins | $343.00 | Byers & Anderson, Inc. - Virtual Videographer | Not for Plaintiffs, but listed on Defendants' Witness List) |
|---|---|---|---|
| Matt Noedel | $239.00 | Byers & Anderson, Inc. | Yes |
| William TC Neale | $787.50 | Byers & Anderson, Inc. - Virtual Videographer | Yes |
| William TC Neale | $1,134.00 | Byers & Anderson, Inc. - Transcript | Yes |
| Craig Luker | $392.50 | Byers & Anderson, Inc. | Yes |
| Jeremy Willett | $243.25 | Byers & Anderson, Inc. | Yes |
| Kyle Barnes | $178.00 | Byers & Anderson, Inc. | Not for Plaintiffs, but listed on Defendants' Witness List) |
| Nathan Smith | $163.95 | Byers & Anderson, Inc. | Not for Plaintiffs, but listed on Defendants' Witness List) |
| Willett, Barnes and Smith's Transcripts Shipping and Handling | $15.00 | Byers & Anderson, Inc. | N/A |
| Tillman Atkins | $150.00 | Byers & Anderson, Inc. - Court Reporter Appearance Fee | Not for Plaintiffs, but listed on Defendants' Witness List) |
| William Harmening | $447.00 | Byers & Anderson, Inc. | Yes |
| Josef K. Eichinger, MD | $452.50 | Byers & Anderson, Inc. - Synchronized Video and Videographer | Yes |
| Josef K. Eichinger, MD | $428.75 | Byers & Anderson, Inc. - Synchronized Video and Videographer for Vol. II of Dr. Eichinger's Deposition | Yes |
| Josef K. Eichinger, MD | $858.97 | Byers & Anderson, Inc. - Transcript Vol. II | Yes |
| David Patterson, MD | $199.00 | Byers & Anderson, Inc. | Yes |
| Stephen F Ou, DO | $182.00 | Byers & Anderson, Inc. | Yes (by deposition only) |

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505   Fax:  253-627-8376

| Jeffrey Jorgenson | $184.88 | Byers & Anderson, Inc. - Transcript | Yes |
| Jeffrey Jorgenson | $70.00 | Byers & Anderson, Inc. - Synchronized Video | Yes |
| Josef K. Eichinger, MD | $1,163.00 | Byers & Anderson, Inc. - Transcript Vol. I | Yes |

Many of these transcripts were relied upon in briefing, during trial and during cross examinations at trial.  At the time the depositions occurred and the transcripts were ordered, it was reasonable to believe that they were necessary for litigating the case and it was reasonable to believe that all of them could be used in connection with pretrial motions, at trial or in connection with trial preparation. [Cloud Decl., 2:2-13.]

All of the deposition costs incurred by the plaintiffs are reimbursable, reasonable and should be taxed against the Defendants, City of Roy and Chris Johnson. [Cloud Decl., 2:14-15.]

**3.      The Plaintiffs Should Be Awarded its Witness Attendance and Travel Fees.**

Pursuant to 28 U.S.C. § 1920(3), fee and disbursements associated with the appearance of witnesses in the case are recoverable. "A witness who appears before a federal court 'or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States is entitled to fees and allowances, including an attendance fee of $40 per day for each day's attendance." *Morrison*, 97 F.3d at 463 (quoting 28 U.S.C. § 1821(a)(1) & (b)).  Witnesses may also be paid a "travel allowance equal to the mileage allowance for official travel of employees of the Federal Government, " 28 U.S.C. § 1821(c)(2) . . ."  28 U.S.C. § 1821(d)(2).

Plaintiffs' request witness fees in the amount of $135.56 for two witnesses ($40 per day each and $27.78 for mileage reimbursement). [Cloud Decl., 4:28-5:2 and Ex. 3.]

**4.      The Plaintiffs Should Be Awarded its Copying Costs.**

Section 1920 specifically provides for the recover of "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4).  The phrase "necessarily obtained for use in the case" includes more than copying

PLAINTIFFS' MOTION FOR COSTS PURSUANT TO LCR 54(d)(3) - 6 OF 8 CASE NO. 3:20-cv-05223-RBJ

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

costs for documents actually made part of the trial record.  *See Haagen-Daza Co. V. Double Rainbow Gourmet Ice Creams, Inc.,* 920 F.2d 587, 588 (9th Cir. 1990) ("Section 1920(4) enables a court to award copying costs for any document ' necessarily obtained for use in the case' and does not specifically require that the copied document be introduced into the record to be an allowable cost.").  Plaintiffs' are requesting taxable copying costs of $402.72.  This was the amount charged by the third party vendor for printing of plaintiffs' trial exhibits. [Cloud Decl., 5:3-5, Ex. 4.]

**5.      The Plaintiffs Are Entitled to Recover its Docket Fees.**

Section 1920(5) permits the prevailing party to recover statutory docket fees under 28 U.S.C. § 1923.  The docket fee under Section 1923 is $20.00.  The plaintiffs are entitled to this amount.

## VI.  CONCLUSION

For the reasons set forth herein, the Plaintiffs respectfully request that the Court enter an Order Granting Plaintiffs' Motion for Costs against the Defendants, City of Roy and Chris Johnson, in the amount of $19,201.69 or in the amount the Court shall deem are taxable.

**DATED** this 18th day of October, 2021.

**LAW OFFICE OF DOUGLAS R. CLOUD**

/s/ Douglas R. Cloud
**DOUGLAS R. CLOUD, WSBA #13456**
Law Office of Douglas R. Cloud
1008 Yakima Avenue, Suite 202
Tacoma, WA 98405
Telephone: 253-627-1505
Fax: 253-627-8376
E-mail:  drc@dcloudlaw.com
Attorney for Plaintiffs

PLAINTIFFS' MOTION FOR COSTS PURSUANT
TO LCR 54(d)(3) - 7 OF 8
CASE NO. 3:20-cv-05223-RBJ

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone:  253-627-1505   Fax:  253-627-8376

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## <u>CERTIFICATE OF SERVICE</u>

The undersigned declares as follows:

1.      I am over the age of 21 and not a party to this action.
2.      I am an employee of Douglas R. Cloud, Attorney at Law, Attorney for Plaintiffs.
3.      On this day, I certify that I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| **Counsel for Defendants:**<br><br>Ann E. Trivett, Esq., WSBA #39228<br>Salim D. Lewis, Esq., WSBA #52660<br>Thomas P. Miller, Esq., WSBA #34473<br>**CHRISTIE LAW GROUP, PLLC**<br>2100 Westlake Ave N, Ste 206<br>Seattle, WA 98109<br>P: 206-957-9669<br>F: 206-352-7875<br>Email: ann@christielawgroup.com;<br>salim@christielawgroup.com; tom@christielawgroup.com | ☐ Messenger<br>☐ US Mail<br>☐ Facsimile<br>☐ Email<br>■ CM/ECF |
|---|---|

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

**DATED** at Tacoma, Washington this 18th day of October, 2021.

/s/ Carrie L. Marsh
_____
**CARRIE L. MARSH**
Law Office of Douglas R. Cloud
1008 Yakima Avenue, Suite 202
Tacoma, WA 98405
Telephone: 253-627-1505
Fax: 253-627-8376
E-mail:  cmarsh@dcloudlaw.com